[No. 1141.   Decided March 24, 1894.]

# THE STATE OF WASHINGTON, *Respondent*, v. MOSES ACKLES, *Appellant*.

ASSAULT WITH INTENT TO MURDER — INFORMATION — EVIDENCE —
INSTRUCTIONS — VERDICT.

In an information charging a crime, useless allegations cannot destroy the legal effect of necessary averments.

An information charging that the accused "did unlawfully, purposely and of his premeditated malice, and with intent to murder, assault and shoot one Benjamin Franklin with a deadly weapon," etc., sufficiently charges an assault with intent to commit murder in the second degree, as, under Code Proc., § 1243, allowing other words conveying the same meaning as the statutory words to be used, the place of the statutory word, "maliciously," is supplied by the words, "of his premeditated malice."

Upon the trial under such an information, it is not error for the court to refuse to charge the jury that before they could find defendant guilty, they must find that the shooting was done purposely and of his premeditated malice, as premeditation is not an element of the crime charged.

Under an information charging the accused with an assault with an intent to commit murder, a verdict finding him "guilty of assault with a deadly weapon with intent to do bodily harm," is erroneous, as such verdict convicts him of an offense other than. the one alleged in the information.

Error arising upon a ruling of the court in regard to the right of argument canot be urged on appeal after waiver at the trial.

In a prosecution for assault with intent to commit murder, evidence of quarrels and disputes between the defendant and the person assaulted, prior to the assault, is competent as tending to show ill will and motive.

*Appeal from Superior Court, Clallam County.*

*W. R. Gay*, and *George C. Hatch*, for appellant.

*D. W. Bryan*, Prosecuting Attorney, and *James A. Haight*, for The State.

The opinion of the court was delivered by

ANDERS, J.—The information upon which the appellant was tried in the court below, omitting formal parts, was as follows:

"Comes now D. W. Bryan, prosecuting attorney for said Clallam county, State of Washington, and now informs the court, by this information, that the above named Moses Ackles is guilty of the crime of assault with intent to commit murder, committed as follows: The said Moses Ackles did, on or about the 12th day of January, A. D. 1891, in the county of Clallam, State of Washington, unlawfully, purposely and of his premeditated malice, and with intent to murder, assault and shoot one Benjamin Franklin with a deadly weapon, namely, a Colt's rifle, loaded with powder and leaden balls, which he, the said Moses Ackles, then and there held in his hands, said leaden ball or balls striking the said Benjamin Franklin in the right arm, with intent to murder the said Benjamin Franklin."

To this information the defendant interposed a demurrer on two grounds: *First*, That the words, "and of his premeditated malice," were unnecessary and prejudicial, and, *second*, that the information failed to charge a crime.

As to the first objection it is only necessary to observe that, even if it were conceded that the words objected to were unnecessary and surplusage, it could not be said that the information was thereby vitiated, for useless allegations cannot destroy the legal effect of necessary averments. In order to properly charge the crime of which the defendant was accused, it was necessary to allege the doing of such acts as would have constituted murder either in the first or second degree if death had resulted therefrom. Even rejecting the word "premeditated," which was clearly useless, there still remain in the information sufficient allegations of fact to charge the defendant with the commission of an assault with intent to commit murder in the second degree, which is the killing of another purposely

and maliciously, but without deliberation and premeditation, which latter words are used in defining murder in the first degree. Penal Code, § 3. Our statute provides that words defining a crime need not be strictly pursued in an information, but other words conveying the same meaning may be used. Code Proc., § 1243. As the difference between the meaning of the words ''of his premeditated malice,'' and the single word ''maliciously,'' which is used in the statute defining murder in the second degree, is one of degree merely, and not of substance, it follows that appellant's second objection to the information cannot be sustained, and that the demurrer was properly overruled.

Upon the trial of this cause the jury returned the following verdict: ''We, the jury in the above entitled cause, do find the defendant guilty of assault with a deadly weapon with intent to do bodily harm.'' It is contended on behalf of the appellant that the latter was convicted of a crime not charged in the information, and therefore unwarranted by law. On the other hand the respondent insists that assault with a deadly weapon with intent to do bodily harm is *necessarily* included within the offense charged in the information, and is consequently an offense of which the jury had a right to convict, under § 1320 of the Code of Procedure. While it is true that the jury may find a defendant not guilty of the crime charged, but guilty of an offense of lesser degree, or of an offense necessarily included within that charged, it is also true that ''accusation must precede conviction,'' and that no one can legally be convicted of an offense not properly alleged. The accused, in criminal prosecutions, has a constitutional right to be apprised of the nature and cause of the accusation against him. Const., art. 1, § 22. And this can only be made known by setting forth in the indictment or information every fact constituting an element of the offense charged. This doctrine is

elementary and of universal application, and is founded on the plainest principle of justice. Tested by this rule we think the verdict and judgment in this case were erroneous, and must be set aside. Under our statute, an assault with a deadly weapon with intent to inflict upon the person of another a bodily injury is made a felony only upon the express condition that the assault is without considerable provocation, or where the circumstances of the assault show a willful, malignant and abandoned heart. Penal Code, § 23. And where an act is punishable in a particular manner, under certain conditions, these conditions must be set forth so as to show that the act is punishable. 1 Whart. Crim. Law, § 192.

At common law an assault with a deadly weapon was a misdemeanor only, but, as above intimated, the legislature of this state has made it a felony, punishable by imprisonment in the penitentiary, when perpetrated with intent to inflict bodily injury, under the circumstances and conditions prescribed by statute. And in order to charge this statutory felony it was necessary to set forth in the information, not only that the assault was with a deadly weapon with intent to inflict bodily injury, but the further fact that it was without considerable provocation, or that it was the impulse of a willful, abandoned and malignant heart. This was not done in this instance, and appellant was therefore convicted of, and sentenced to the penitentiary for, a crime of which he was not charged, either in the language of the statute or in language of similar import. *People v. Casey*, 72 N.Y. 393; 2 Bish. Crim. Proc., §§ 63, 63a. The defendant's objection to the reception of the verdict was well taken. He might have been convicted upon this information of an assault with intent to commit murder or of simple assault, or of assault and battery, for those offenses were sufficiently charged under the provisions of the statute.

30—8 WASH.

The defendant requested the court to instruct the jury that before they could find him guilty of the crime charged in the information they must find that the shooting was done purposely and of his premeditated malice, which the court refused to do, and which refusal is assigned as error. There was no error in the ruling of the court. As we have already seen, if the shooting was done purposely and maliciously the defendant might have been convicted of the crime charged even though there was no *premeditated* malice. But the trial court did, inadvertently no doubt, err in attempting to charge the jury as to the law concerning the lesser offenses included in the information, and especially in directing the jury that they might, if satisfied by the evidence beyond a reasonable doubt, render such a verdict as they did render in this case.

Counsel for appellant state in their brief that, "upon the argument of the case, the prosecuting attorney opened for respondent, and addressed the jury. Thereupon the defendant asked the court to charge the jury, as he did not care to answer the prosecuting attorney. Counsel for the state insisted that they had the right to further argue the case. To this the appellant objected; the court overruled the same, and appellant then, rather than submit the case, argued it, and the assistant prosecuting counsel closed it." Appellant claims that the court thus committed error, for the reason that he had a right to submit the case without argument, and the state had nothing to close at that time. But it would appear from the above statement that if he had the right claimed, he elected to waive it, and therefore his exception to the ruling of the court cannot now be urged as error.

Whether a defendant, under all circumstances, can, by waiving argument, after the opening argument has been made, prevent the plaintiff from making his closing argument to the jury, is a question which it is not necessary to

determine in this case.    Mr. Thompson, in his work on Trials (vol. 1, § 936), seems to favor the rule that it is a matter which is addressed to the sound discretion of the trial court.

It is further contended by appellant that the court wrongfully permitted the state to introduce evidence of quarrels and disputes which occurred between the defendant and Franklin at various times prior to the alleged assault.    This testimony, we think, was competent as tending to show ill will on the part of the defendant towards Franklin, and as evidence of a motive for assaulting him.

The evidence in the record as to the county wherein the alleged offense was committed is extremely meager and unsatisfactory.

Some other objections are presented by the appellant, but as the same questions are not liable to arise on a new trial, we will refrain from discussing them at this time.

The judgment is reversed, and the cause remanded for a new trial.

DUNBAR, C. J., and HOYT, SCOTT and STILES, JJ., concur.