[Crim. No. 517. Department One.—July 12, 1899.]

THE PEOPLE, Respondent, v. JOHN WATSON, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—QUESTION OF FACT.—Upon the trial of a charge of assault with intent to commit murder, the question as to the intent with which the acts were done by the defendant, is one purely of fact, to be determined from all the circumstances of the case surrounding the assault.

ID.—ASSAULT WITH DEADLY WEAPON.—Under a charge of assault with intent to commit murder, the defendant may, if the evidence justifies it, be convicted pursuant to section 245 of the Penal Code, of an assault with a deadly weapon, or by means and force likely to produce great bodily injury.

ID.—IMPROPER OMISSION IN INSTRUCTION.—An instruction to the jury under a charge of assault with intent to commit murder, that the form of their verdict must be either not guilty, or guilty as charged, or guilty of an assault, is prejudicially erroneous in omitting the possibility of a conviction under section 245 of the Penal Code, where the evidence will justify such conviction. Such omission is the equivalent of a refusal to instruct that such conviction could be had under evidence justifying it.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. Joseph P. Jones, Judge.

The facts are stated in the opinion of the court.

A. B. McKenzie, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been found guilty of an assault with intent to commit murder. He now claims that the evidence is insufficient to support the verdict.

There is evidence in the record which tends to show that the defendant Watson, when somewhat under the influence of liquor, seized a boy about fifteen years of age, tied him by the neck to his (Watson's) horse's tail, using the hair of the horse's tail for that purpose, then mounted his horse, and, with his pistol in his hand and threats to kill issuing from his mouth, rode about one-quarter of a mile, leading the boy. This journey was also interspersed by incidents such as defendant's firing his pistol. It further appears that this reckless deed was done by reason of the feeling of hatred held by defendant against the boy's elder brother. The question as to the intent with which these acts were done by defendant was a pure question of fact, to be determined from all the circumstances of the case; and from those circumstances the jury could well declare that the intent of defendant was to kill and murder this fifteen-year-old boy. It is said in *People v. Landman*, 103 Cal. 580: "Of course, under these circumstances a person's intent cannot be proven by direct and positive evidence, yet it is none the less a question of fact to be proven like any other fact in the case, and all the circumstances surrounding the assault furnish the rule upon which its proper solution depends."

The court instructed the jury as follows: "The law provides that the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense. 2. Under the information in this case the defendant can be convicted of either assault to murder, or of an assault, as the evidence may establish. 3. Gentlemen, the form of your verdict must be either: 1. We, the jury, find the defendant not guilty; or 2. We, the jury, find the defendant guilty as charged; or 3. We, the jury, find the defendant guilty of assault." Section 245 of the Penal Code provides: "Every person who commits an as-

sault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable," et cetera. Under the evidence and the allegations of the information, it is clear that this defendant could well have been convicted of the crime defined by this section of the Penal Code. If the jury believed the defendant committed the acts indicated by the evidence, and also believed that there was no intent in his mind at the time to kill and murder the boy, they could well have found a verdict against him of making an assault by means and force likely to produce great bodily injury; yet, by the instructions of the court just quoted, the jury in effect were told that they could not find such a verdict. They were informed that the defendant could be convicted of an assault with intent to murder, or a simple assault. *Expressio unius est exclusio alterius.* This construction of these instructions is doubly emphasized when we find the court telling the jury that the verdict must be in one of the following forms; and upon examining those forms we find no form of verdict authorized under the section of the Penal Code already quoted.

This defendant's position upon the matter under discussion is much stronger than we find in those cases where the court fails to instruct at all upon the question. In some of those cases it has been held that the defendant should have asked for an instruction directed to the particular point. But in the present case the giving of the instructions we have quoted is, in substance, a refusal to give an instruction authorizing the jury to find a verdict of guilty against defendant under the aforesaid section of the Penal Code, providing the evidence justified it. In many cases we have held the judge justified in refusing instructions bearing upon lower grades of crime included in the charge laid by the information. These cases have arisen where, under the evidence, it was entirely plain no such crime was committed. In the present case we are unable to say that the evidence does not disclose the character of assault described in section 245.

The conclusion at which we have arrived is in no degree conflicting with the cases of *People v. Arnold,* 116 Cal. 687; *People v. Scott,* 93 Cal. 516; *People v. Barney,* 114 Cal. 558, and *People v. Guidice,* 73 Cal. 226. In all of those cases the court gave

no instruction whatever bearing upon the question, while in this case the court, for all the practical purposes of the trial, did give an instruction which was wrong in law. Again, in all those cases the evidence did not justify an instruction as to the particular grade of crime included in the information. Here the evidence does justify such an instruction. An additional reason is given in some of those cases showing why there was no error committed by the trial court. That reason is to the effect that no instruction by defendant was asked bearing upon the point involved. The trial judge of his own motion should inform the jury in every case as to all the particular crimes involved in the information which the evidence to any extent tends to support. Such is a most commendable practice; but here we are not concerned in that matter, for we have a case much stronger than one where the court did not act at all. It is not a case of nonaction, but erroneous action.

For the foregoing reasons the judgment and order are reversed, and the cause remanded for a new trial.

Harrison, J., and Van Dyke, J., concurred.