[No. 3468. Decided March 21, 1900.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM YOUNG, *Appellant.*

ASSAULT WITH INTENT TO KILL—INSTRUCTIONS AS TO LESSER OFFENSE—RIGHTS OF ACCUSED.

Where an information charges defendant with an assault with a deadly weapon, with intent to murder, no considerable provocation appearing therefor, it is prejudicial error for the court to refuse to instruct that the jury might find him guilty of an assault with a deadly weapon with intent to do bodily harm, while instructing them that they could find him guilty of assault with intent to commit murder, or of assault and battery, or of simple assault.

ASSAULT WITH INTENT TO DO BODILY HARM—SUFFICIENCY OF INFORMATION.

Under Bal. Code, § 7058, which imposes a penalty for an assault with a deadly weapon, with the intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, an information sufficiently describes the statutory offense thereunder, when it charges that defendant, "with intent to kill and murder" the prosecuting witness, did make an assault in and upon his person with a deadly weapon, to-wit, a razor, with which he struck, beat and wounded him, no considerable provocation appearing therefor, since the phrase "to kill and murder" is necessarily an equivalent allegation to the phrase "to inflict bodily injury," and comes within the meaning of the provision in Bal. Code, § 6849, that "words used in a statute to define a crime need not be strictly pursued in the indictment or information, but other words, conveying the same meaning, may be used."

Appeal from Superior Court, King County. — Hon. ORANGE JACOBS, Judge. Reversed.

*J. E. Hawkins,* for appellant.

*James F. McElroy,* Prosecuting Attorney, *John B. Hart,* and *Walter S. Fulton,* for the State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was tried upon the following information:

"William Young is hereby accused by James F. Mc-Elroy, prosecuting attorney in and for King county, state of Washington, and in the name of and by the authority of said state of Washington, and on oath, by this information, of the crime of an assault to commit the crime of murder, committed as follows, to-wit:

He, the said William Young, in the county of King, state of Washington, on the 23d day of May, A. D. 1899, wilfully, unlawfully, purposely, and feloniously and of his premeditated and deliberate malice, with intent to kill and murder one Frank Johnson, did make an assault in and upon the person of the said Frank Johnson with a deadly weapon, to-wit, a razor, then and there held in the hand of said Young, and with which he then and there struck, beat, cut, and wounded the person of the said Frank Johnson, with the intent aforesaid, no considerable provocation appearing therefor;"—

and was convicted of an assault with intent to commit murder. The court instructed the jury that under the information they could find the defendant guilty of assault with intent to commit murder, or of assault and battery, or of simple assault, but refused to instruct, although requested by the prosecuting attorney so to do, that they could find him guilty of an assault with a deadly weapon with intent to do bodily harm. The refusal of the court to give this instruction is alleged here as error. · We think it was error, and prejudicial to the defendant. It is true that in *State v. Ackles*, 8 Wash. 462 (36 Pac. 597), we held that under the information in that case it was not competent for the jury to return a verdict of guilty of assault with a deadly weapon with intent to do bodily harm, but for the reason that the lesser crime was not described in the information; there being no allegation that the assault was without considerable provocation, or that

it was the impulse of a wilful, abandoned, or malignant heart. "The accused in criminal prosecutions," said the court in that case, "has a constitutional right to be apprised of the nature and cause of the accusation against him. . . . And this can only be made known by setting forth in the indictment or information every fact constituting an element of the offense charged."

Under our statute (Bal. Code, § 7058), an assault with a deadly weapon, with intent to inflict upon the person of another a bodily injury, is made a felony only upon the express condition that the assault is without considerable provocation, or where the circumstances of the assault show a wilful, malignant, and abandoned heart; and, when an act is punishable in a particular manner under certain conditions, these conditions must be set forth so as to show that the act is punishable. But the information in this case meets all the objections urged by the court in the case cited. It is alleged that the assault was made, in the manner and form stated, no considerable provocation appearing therefor; and as the statute is in the alternative, so far as the conditions mentioned (viz., no considerable provocation appearing, or that it was the impulse of a wilful, abandoned, and malignant heart) are concerned, the statement of the existence of either was sufficient.

The only other question presented is whether the information sufficiently describes the offense of an assault with a deadly weapon with intent to do bodily harm. There is no question but that the weapon is sufficiently described, and the argument that the allegation "with intent to kill and murder" is an equivalent allegation, and has included within it the allegation "to inflict bodily injury," is not only in consonance with common sense, but is supported by universal authority. In fact, no other conclusion could be reached without reversing the laws of nature. It is not

necessary to use any particular form of words, but a defendant may be found guilty of any offense necessarily included within the crime charged.     *State v. Dolan,* 17 Wash. 499 (50 Pac. 472) ; 1 Bishop, Criminal Procedure, 612 ; 10 Am. & Eng. Enc. Law, 577 ; *Tully v. People,* 67 N. Y. 15 ; *Whitman v. State,* 17 Neb. 224 (22 N. W. 459).

Section 1243, Code Proc., provides that "words used in a statute to define a crime need not be strictly pursued in the indictment or information, but other words, conveying the same meaning, may be used."     It is well settled that an indictment for a higher offense will sustain a conviction of a lower offense included in the higher, and it is not important whether the greater offense charged be statutory or common law, provided it necessarily includes the crime of which the defendant has been found guilty.     2 Enc. Pl. & Pr. 856.

But this question is put beyond peradventure by our own statutes.     Section 6955, Bal. Code, provides that "upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto ;" and § 6956 provides that "in all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information."     Inasmuch, then, as the law gives the defendant the unqualified right to have the inferior degree passed upon by the jury, it is not within the province of the court to say that the defendant was not prejudiced by the refusal of the court to submit that phase of the case to the jury, or to speculate upon probable results in the absence of such instructions.     If there is even the slightest evidence that the defendant may have committed the degree of the offense inferior to and included in the one charged, the law of such inferior degree ought

to be given. 2 Enc. Pl. & Pr. 855, and cases cited; *Hall v. People,* 47 Mich. 636 (11 N. W. 414) ; *Moore v. State,* 33 Tex. Cr. App. 306 (26 S. W. 403) ; *People v. Watson,* 125 Cal. 342 (57 Pac. 1071) ; 2 Bishop, Criminal Procedure, 63 ; *State v. Schele,* 52 Iowa, 608 (3 N. W. 632) ; *West v. Territory,* 36 Pac. 207 ; *State v. DeLaney,* 28 La. An. 434; *People v. Davidson,* 5 Cal. 133 ; *People v. Abbott,* 97 Mich. 484 (56 N. W. 862, 37 Am. St. Rep. 360).

It is conceded by the respondent that, under the great weight of authority, such a verdict can be returned where the indictment or information and evidence justify it. But it is contended that in this case the testimony precludes a verdict for the lower crime. We do not so read the record. The testimony was conflicting, and, if the jury believed the testimony of the witnesses for the defense, it would have been perfectly justified in bringing in a verdict for a lower degree than the greatest crime charged in the information.

Reversed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.