[No. 5826.    Decided December 28, 1905.]

## THE STATE OF WASHINGTON, *Respondent,* v. MATTEO ROMANO, *Appellant.*[1]

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—PRESUMP-TIONS—INSTRUCTIONS. Upon a prosecution for assault with intent to murder under an information charging, also, assault with a deadly weapon with intent to do bodily harm no considerable provocation appearing therefor, it is proper in speaking of the latter intent, to instruct the jury that every sane person is presumed to intend the natural consequences of his voluntary act, although death did not ensue; since the same must be held to apply to the lesser offense only.

SAME—CHARGE OF ASSAULT WITH RAZOR—EVIDENCE OF SHOOTING—ADMISSIBILITY. Under an information charging an assault with in-tent to murder with a deadly weapon, viz., a razor, it is proper to receive in evidence a shotgun with an empty shell found in the room of the accused, where it appears that the prosecuting witness was attacked by an unknown person who cut his throat and shot him in the back with a shotgun, the shot corresponding in size with those that had been contained in the empty shell.

SAME—EVIDENCE OF IDENTITY—SUFFICIENCY. There is sufficient evidence of identity to sustain a conviction of assault with intent to do bodily harm, where it appears that the victim was cut and shot by an unidentified person, that the accused admitted to two persons that he made the assault, and a shotgun with an empty shell, that had contained shot of the same size used in the attack, was found in the room of the accused after his arrest.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 7, 1904, upon a trial and conviction of the crime of assault with intent to commit murder.   Affirmed.

*William C. Keith (E. F. Kienstra,* of counsel), for ap-pellant.

*Kenneth Mackintosh* and *Hermon W. Craven (William D. Totten,* of counsel), for respondent.

1Reported in 83 Pac. 1.

CROW, J.—Appellant Matteo Romano was convicted, in the superior court of King county, of the crime of assault with intent to commit murder, and has appealed to this court.

About two o'clock on the morning of March 19, 1904, while Sebastian Ucci, the prosecuting witness, was asleep in his room, in the city of Seattle, some unknown person made an attack upon him, with a sharp instrument, cutting his throat, and immediately thereafter shot him in the back. He did not see, nor was he able to identify, his assailant. On May 12, 1904, appellant was arrested and charged with said crime. The evidence shows that, prior to his arrest, in conversations with Mrs. Sebastian Ucci, the divorced wife, and Mrs. Concheta Rosetta, the daughter of said Sebastian Ucci, appellant admitted he had made said assault. Two days after his arrest, the police officers found a shotgun and empty shell in his room, which were admitted as evidence. Fifty or sixty shot taken from Ucci's wound, of the size of those that had been contained in the empty shell, were also admitted as evidence. Officer Adams, who arrested appellant, testified that, while appellant was on the way to prison, he said to John Rosetta, husband of Concheta Rosetta, "I will cut your throat if I get out of this. I may get a year but I will cut your throat," and that he also made angry statements to said Rosetta in the Italian language which Adams could not understand.

From the testimony of appellant, it appears that he claims to have sustained criminal relations with said Concheta Rosetta, for a considerable period of time prior to his arrest; also, that much bitterness and animosity existed between him and said John Rosetta. He evidently regarded John Rosetta and his wife as being responsible for his arrest. John Rosetta testified that, while appellant was in the custody of officer Adams, he, speaking in the Italian language, said "I may get two or three years, but when I get back I will do the same to you as I did to your father-in-law." Mrs. Sebastian Ucci, divorced wife of the prosecuting witness, testi-

fied to the admission made to her by appellant; and Mrs. Con-
cheta Rosetta, daughter of the prosecuting witness, testified
that about a month previous to his arrest appellant had told
her that, if she did not leave her husband and live with him,
he would do the same to her as he had to her father, and that
he had cut and shot her father. It appears that on the day of
his arrest appellant was expected to call at the house of
Concheta Rosetta, and that she, being fearful of an assault,
caused officer Adams to be notified, who, as the result of such
notice, was present and arrested appellant when he arrived,
at which time appellant was heavily armed.

Appellant has made three assignments of error: First,
that the court erred in giving the following as a portion of
one of the instructions to the jury: "And I further charge
you that every sane person is presumed to intend the natural
and ordinary consequences of his voluntary act;" second, that
the court should have set aside the verdict and granted a
new trial, for the reason that the information does not charge
appellant with shooting the prosecuting witness, and that the
court therefore erred in admitting the shotgun in evidence;
third, that the court erred in refusing to set aside the verdict
for insufficiency of evidence as to the identity of the person
who made the assault.

Appellant evidently bases his main reliance for a reversal
upon his exception to the charge of the court on the question
of intent, citing the case of *State v. Dolan,* 17 Wash. 499,
50 Pac. 472, and in his opening brief says:

"The prosecuting witness was not murdered, and the above
instruction as applied to the facts of this case, left the jury
to understand that, as death might have resulted as the natural
consequence of the assault, the law presumes that he intended
that such consequences should follow. If death had resulted
from the act, the instructions would have been applicable,
but this court has held that such an instruction is inap-
plicable in the case of assault where death did not result, and
that the intent to murder must be established as any other
fact."

Before discussing the instructions in *State v. Dolan, supra,* or those in the case at bar, we call attention to a material variance of the information in the *Dolan* case from the one upon which appellant has been prosecuted.   In *State v. Ackles,* 8 Wash. 462, 36 Pac. 597, this court held that, on the information then under consideration, which charged that the defendant "did unlawfully, purposely and of his premeditated malice, and with intent to murder, assault and shoot one Benjamin Franklin with a deadly weapon,   .  .  . with intent to murder the said Benjamin Franklin," said defendant could not be convicted of the crime of making an assault with a deadly weapon with intent to do bodily harm, for the reason that the latter crime was not included in the information.   Anders, J., there speaking for this court, said:

"While it is true that the jury may find a defendant not guilty of the crime charged, but guilty of an offense of lesser degree, or of an offense necessarily included within that charged, it is also true that 'accusation must precede conviction,' and that no one can legally be convicted of an offense not properly alleged.   The accused, in criminal prosecutions, has a constitutional right to be apprised of the nature and cause of the accusation against him.   Const., art. 1, § 22. And this can only be made known by setting forth in the indictment or information every fact constituting an element of the offense charged.   This doctrine is elementary and of universal application, and is founded on the plainest principle of justice.   Tested by this rule we think the verdict and judgment in this case were erroneous, and must be set aside.   Under our statute, an assault with a deadly weapon with intent to inflict upon the person of another a bodily injury is made a felony only upon the express condition that the assault is without considerable provocation, or where the circumstances of the assault show a wilful, malignant and abandoned heart."

The information in *State v. Ackles, supra,* which is set forth at page 463 of the opinion, discloses an utter absence of any allegation that the assault was without any considerable provocation, or that it was the impulse of a wilful,

abandoned or malignant heart. Bal. Code, § 7058. This court, therefore, reversed the final judgment entered on a verdict finding the defendant guilty of the lesser crime of an assault with a deadly weapon with intent to do bodily harm. In *State v. Young,* 22 Wash. 273, 60 Pac. 650, the defendant was prosecuted upon an information charging him with the crime of making an assault upon the prosecuting witness with a deadly weapon with intent to kill and murder said prosecuting witness. But an examination of the information, which appears in the opinion, will show that, by reason of the use of the words, "with the intent aforesaid, no considerable provocation appearing therefor," it was sufficient to sustain a conviction of the lesser crime of assault with intent to do bodily harm. The trial court, however, refused to instruct the jury that they could find the defendant guilty of such lesser crime, and this court, speaking through Dunbar, J., held such refusal to be prejudicial error, saying:

"The refusal of the court to give this instruction is alleged here as error. We think it was error, and prejudicial to the defendant. It is true that in *State v. Ackles,* 8 Wash. 462 (36 Pac. 597), we held that, under the information in that case, it was not competent for the jury to return a verdict of guilty of assault with a deadly weapon with intent to do bodily harm, but for the reason that the lesser crime was not described in the information; there being no allegation that the assault was without considerable provocation, or that it was the impulse of a wilful, abandoned, or malignant heart. . . . Under our statute (Bal. Code, § 7058), an assault with a deadly weapon, with intent to inflict upon the person of another a bodily injury, is made a felony only upon the express condition that the assault is without considerable provocation, or where the circumstances of the assault show a wilful, malignant, and abandoned heart; and, when an act is punishable in a particular manner under certain conditions, these conditions must be set forth so as to show that the act is punishable. But the information in this case meets all the objections urged by the court in the case cited. It is alleged that the assault was made, in the manner and form stated, no considerable provocation appearing therefor; and

as the statute is in the alternative, so far as the conditions mentioned (viz., no considerable provocation appearing, or that it was the impulse of a wilful, abandoned, and malignant heart) are concerned, the statement of the existence of either was sufficient."

By these decisions, the law of this state is well settled to the effect that, where an information charging a defendant with making an assault with a deadly weapon with intent to commit the crime of murder is not so drawn as to include the lesser crime of assault with intent to do bodily harm, a conviction of the latter crime cannot be permitted; but, where it is so drawn, it would be error for the trial court to refuse to instruct the jury that the defendant might be convicted of such lesser crime.

The information in *State v. Dolan, supra,* which we find in the record, was not so drawn as to authorize a conviction of the lesser crime of assault with intent to do bodily harm, but corresponds to the information in *State v. Ackles, supra.* It therefore followed that the only crime as to which the court was authorized to instruct the jury was the one therein charged, to wit: assault with intent to commit murder. In this case the information, omitting formal parts, is in the following language:

"Matteo Romano is hereby accused by W. T. Scott, the prosecuting attorney in and for the county of King, state of Washington, in the name of and by the authority of said state of Washington, and on oath by this information, of the crime of assault with intent to commit the crime of murder, committed as follows, to wit: He, the said Matteo Romano, in the county of King, state of Washington, on the 19th day of March, 1904, wilfully, unlawfully, feloniously, purposely, maliciously, and with intent to kill and murder one Sebastian Ucci, an assault did make in and upon the person of the said Sebastian Ucci with a deadly weapon, to wit, a razor, then and there had and held in the hands of the said Matteo Romano, with which he then and there wilfully, unlawfully, feloniously, purposely and maliciously struck at, cut and wounded the person of the said Sebastian Ucci, with the in-

tent aforesaid, no considerable provocation appearing therefor."

It will be seen that this information is almost identical with that in the case of *State v. Young, supra;* hence, it here became the duty of the trial court to charge the jury, not only as to all necessary facts which must be proven to authorize a conviction of the crime of assault with intent to commit murder, but also as to all facts necessary to be proven to warrant a conviction of the crime of assault with intent to do great bodily harm. The trial court first charged the jury as follows:

"Under this information, it is possible, should the evidence under my instructions justify it, that the defendant be convicted of any of three separate offenses: they are, (1) assault with a deadly weapon with intent to commit the crime of murder; (2) assault with a deadly weapon with intent to do bodily harm; (3) assault and battery."

After giving this charge, the court proceeded to define the different grades of crime above mentioned and, also, to state the facts necessary to be proven to authorize a conviction in each instance. Thereafter the following instructions, which we will number for the convenience of reference, were given:

"(1)   The defendant in this case being charged with cutting and wounding one Sebastian Ucci with intent to kill and murder the said Sebastian Ucci, before the defendant can be convicted as charged in the information, it is necessary that you be satisfied by the evidence beyond a reasonable doubt not only that the defendant did cut and wound said Sebastian Ucci, but that in so doing he intended to kill and murder said Ucci. This intent is as essential an element of the crime as is the act itself, and must be found by the jury as a matter of fact before a conviction can be had of the crime charged in the information.

"(2)   If you find from the evidence that the defendant cut and wounded said Sebastian Ucci, and intended to cut and wound him, but are not satisfied that in so doing he intended to kill the said Ucci, you cannot find the defendant guilty as charged in the information. An intent to wound is not sufficient.

"(3) I charge you that, in order to prove the crime of assault with intent to commit the crime of murder in this case, it is necessary for the state to prove beyond a reasonable doubt that the defendant, at the time and place, and in the manner and form charged in the information, cut Sebastian Ucci with a razor or other sharp instrument purposely and maliciously, intending to take his life; and that in order to prove the crime of assault with a deadly weapon with intent to inflict bodily injury in this case it is necessary for the state to prove beyond a reasonable doubt that at the time and place mentioned in the information, the defendant purposely and unlawfully cut Sebastian Ucci with a knife or other sharp instrument, without any considerable provocation, with the intention of inflicting great bodily injury upon the person of said Sebastian Ucci. But I charge you that such intent need not be proved by direct and positive testimony, but may be inferred by the jury from the facts and circumstances presented as evidence in this case, provided they are sufficient to satisfy you beyond a reasonable doubt of the existence of such intent; *and I further charge you that every sane person is presumed to intend the natural and ordinary consequences of his voluntary act.*"

In the above quotation we have italicized the language to which the appellant has taken exception, and upon which he assigns his first error. It is contended by respondent that the exceptions taken by appellant are not sufficient to justify any consideration of said assignment by this court. We have some doubt as to their sufficiency, but will nevertheless consider the assignment on its merits. If the only crime of which the appellant could be convicted, under the information herein, was that of assault with intent to murder, the language objected to would have no place in the instruction, and under the authority of *State v. Dolan, supra,* might possibly be prejudicial error. It is conceded by the appellant that this language or instruction on the question of intent is not erroneous or prejudicial when applied to the crime of assault with intent to do great bodily harm, but as to that crime states the law.

Our view of the entire body of the instructions is that,

upon the different degrees of crime involved in the information, the several instructions given were proper. It will be noticed that instructions 1 and 2 above quoted are almost identical with the first and third instructions which were asked of, and refused by, the trial court in *State v. Dolan, supra,* shown at pages 510 and 511 of the opinion, and which were approved by this court as proper under an information charging only the crime of assault with intent to commit murder. These instructions were given by the trial court at the request of appellant and correctly stated the law of intent as applied to the crime of assault with intent to murder. In addition to giving this charge, it also became the duty of the trial court to instruct the jury, under the information here, on the law of intent as applied to the crime of assault with intent to do bodily harm, and our understanding of the language excepted to by the appellant is that it refers to the latter crime only.

Appellant, however, contends that because the court gave the instructions 1 and 2 as requested by him, and also gave that to which he has excepted, the entire body of instructions as given became inconsistent, and necessarily tended to mislead and confuse the jury. We cannot agree with this contention, as to do so would be to hold that, under an information such as the one at bar, the trial court could instruct only on the question of intent as applied to the charge of assault with intent to murder. But if this was done and no proper instruction was given on the lesser crime, the action of the court would be error under the authority of *State v. Young, supra.* Considering all the instructions in the light of the information upon which the appellant was prosecuted, we are unable to find any prejudicial error.

By his second assignment of error, the appellant in substance contends that, as he was not charged with shooting the prosecuting witness, the court erred in admitting in evidence the shotgun which was found in his room two days after his arrest. In view of statements made by appellant to the vari-

ous witnesses, as above narrated, and the evidence of the physician who attended the prosecuting witness, showing and identifying the shot and other articles taken from the wound, and as the prosecuting witness was actually shot by the person who cut his throat, we think this evidence was proper.

The last contention made by appellant is that the court committed prejudicial error in refusing to set aside the verdict for insufficiency of evidence to identify appellant as the person who committed the crime. An examination of the statement of facts shows this assignment to be absolutely without merit. The verdict is sustained by the evidence. The judgment is affirmed.

MOUNT, C. J., DUNBAR, FULLERTON, and HADLEY, JJ., concur.

RUDKIN, J. (concurring)—By the same information the appellant was charged with the commission of two felonies; first, an assault with intent to murder, and, second, an assault with a deadly weapon with intent to inflict a bodily injury where no considerable provocation appeared. The court charged the jury in general terms that the intent was an essential element of the crime charged, and must be proved as a fact; that it might be proved by circumstantial as well as by direct evidence, and that *every sane person is presumed to intend the natural and ordinary consequences of his voluntary act.* The majority holds that the italicized portion of the charge referred only to the charge of an assault with intent to inflict a bodily injury, and that the charge is correct as applied to that crime, thus distinguishing this case from the case of *State v. Dolan,* 17 Wash. 499, 50 Pac. 472, cited in the majority opinion.

I confess I am at a loss to know how the jury could understand that the above general statement of an abstract proposition of law applied to the question of intent involved in the commission of one felony, but not in the other. I am at a still greater loss to know why the charge is correct as applied

to one felony but not as to the other. If a sane man does not intend the natural and probable consequences of his voluntary act, when charged with an assault with intent to murder, because murder does not ensue, it would seem inevitably to follow that a person charged with an assault with intent to inflict a bodily injury does not intend the natural and probable consequences of his voluntary act unless bodily injury ensues, and it would be manifest error for the court to assume in its charge to the jury that bodily injury did, in fact, ensue. I concur in the judgment of affirmance because I think the portion of the charge excepted to is a correct statement of a familiar proposition of law, and is applicable in every case where the question of intent is involved. In charging the jury in *Commonwealth v. Webster*, 5 Cush. 295, Shaw, C. J., said:

"This rule is founded on the plain and obvious principle, that a person must be presumed to intend to do that which he voluntarily and wilfully does in fact do, and that he must intend all the natural, probable, and usual consequences of his own acts."

The supreme court of the United States, in commenting on an instruction in *Allen v. United States*, 164 U. S. 492, 17 Sup. Ct. 154, 41 L. Ed. 528, says:

"This is nothing more than a statement of the familiar proposition that every man is presumed to intend the natural and probable consequences of his own act. 1 Greenleaf on Evidence, § 18; *Regina v. Jones*, 9 C. & P. 258; *Regina v. Hill*, 8 C. & P. 274; *Regina v. Beard*, 8 C. & P. 143; *People v. Herrick*, 13 Wend. 87, 91."

Greenleaf says, in the section cited:

"Thus, also, a sane man is conclusively presumed to contemplate the natural and probable consequences of his own acts; and therefore the intent to murder is conclusively inferred from the deliberate use of a deadly weapon."

Why should the application of this familiar principle depend on something that transpires long after the commission of the crime? I cast two men overboard in mid-ocean. The

one succumbs; the other is rescued. I am prosecuted for the murder of the one, and intend the natural consequences of my act; but in the prosecution for an assault with intent to murder the other, I do not intend the natural and probable consequences of my act, because, forsooth, he was rescued through no agency of mine. I shoot recklessly into a crowd and, by the same act, kill one person and dangerously wound another. I intend the natural consequences of my act as to the one, but not as to the other. Let us suppose in this case that the majority found that the court below did, in fact, charge the jury that the appellant intended the natural and probable consequences of his act on the charge of an assault with intent to murder, and reversed the judgment for that error; and let us further suppose that the prosecuting witness has died in the meantime from the effect of his wounds, and that the charge against the appellant is changed from assault with intent to murder to a charge of murder. On the trial of the latter charge the court instructs the jury that a sane man intends the natural and probable consequences of his voluntary act, and this court affirms the judgment. It is thus established by two solemn judgments of this court that a man intends the natural and probable consequences of a certain act, and that he does not intend the natural and probable consequences of the same act, and, in the opinion of the majority, both judgments are founded on correct legal principles.

In fact, the judgment in this case is affirmed solely because the majority concludes that the court below in one breath told the jury that the appellant was presumed to intend the natural and probable consequences of certain acts, and in the next breath told them exactly the contrary. I do not care to indulge in any such refinements, but vote for affirmance on the broad ground that the instruction excepted to embodies a correct statement of the law as to any or all of the crimes charged.

ROOT, J., concurs with RUDKIN, J.