[No. 8632.  Department Two.  March 4, 1911.]

THE STATE OF WASHINGTON, *Respondent,* v. RUDOLPH CRIST, *Appellant.*[1]

INDICTMENT AND INFORMATION—DEGREES OF OFFENSE—ASSAULT WITH DEADLY WEAPON. An information charging an assault with a loaded pistol with intent to murder by striking, beating, and wounding, no considerable provocation appearing therefor, supports a conviction of the lesser crime of assault with a deadly weapon with intent to commit bodily injury, no considerable provocation appearing therefor.

ASSAULT AND BATTERY—AGGRAVATED ASSAULT—DEADLY WEAPON—EVIDENCE—SUFFICIENCY. The evidence supports a conviction for assault with a deadly weapon with intent to commit bodily injury, no considerable provocation appearing therefor, under Rem. & Bal. Code, § 2746, where it appears that the accused placed a loaded pistol against the person of the prosecuting witness, threatening to kill her, and desisted only when interrupted by an officer.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered June 30, 1908, upon a trial and conviction of assault with a deadly weapon with intent to commit bodily injury.  Affirmed.

*Henry J. Snively,* for appellant.

*J. Lenox Ward* and *Walker Moren,* for respondent.

CROW, J.—Upon a trial to a jury, the defendant, Rudolph Crist, was found guilty of assault with a deadly weapon with intent to commit bodily injury, no considerable provocation appearing therefor, and has appealed from the judgment and sentence entered upon the verdict.

Appellant first contends the information does not state facts sufficient to constitute a crime. The charging portion of the information upon which he was tried reads as follows:

"He, the said Rudolph Crist, on or about the 27th day of May, 1908, in the county of Yakima, state of Washington,

[1]Reported in 113 Pac. 772.

then and there being, did then and there wilfully, unlawfully, feloniously, purposely, maliciously, and with intent to kill and murder one Clara A. Hays, an assault did make in and upon the person of the said Clara A. Hays, with a deadly weapon, to wit: a pistol loaded with powder and balls, then and there had and held in the hands of the said Rudolph Crist, with which he then and there wilfully, unlawfully, feloniously, purposely, and maliciously struck, beat, and wounded the person of the said Clara A. Hays, with the intent aforesaid, no considerable provocation appearing therefor, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Washington."

The allegations of this information are sufficient to sustain a verdict convicting the appellant of the lesser crime of assault with a deadly weapon with intent to commit bodily injury, no considerable provocation appearing therefor. *State v. Young*, 22 Wash. 273, 60 Pac. 650.

Appellant's next contention is that the evidence was insufficient to support the verdict. The assault alleged to have been made on Clara Hays occurred in the city of North Yakima, about midnight on May 27, 1908. The appellant and Clara Hays had been in a saloon for some hours drinking with other persons. Mrs. Hays left before the appellant did. Shortly thereafter the appellant, armed with a loaded revolver, was looking for her in the immediate neighborhood, a disreputable locality. He hailed a public hack in which two persons were passengers, stopped the driver, asked if Mrs. Hays was a passenger, looked in the hack, failed to find her, but stated that he intended to kill her and himself. Later he met Mrs. Hays on the street near a saloon. He was still armed with the loaded revolver which he carried in his hand. He called her a vile name, threatened to shoot her, thrust the revolver against her person, and told her that he was about to kill her. At this instant one Perry, a police officer, seeing appellant, called to him, "What are you doing?" Thereupon he desisted, threw the revolver toward the officer, sur-

rendered himself, and was placed under arrest. There was no evidence that he actually shot at Mrs. Hays, or that he committed any act of violence other than to thrust the revolver against her person and threaten to immediately kill her. He did these acts, desisting only when interrupted by the officer.

The appellant contends this evidence is not sufficient to prove the assault as alleged, and that the revolver was not shown to be a deadly weapon. He was possessed of the present means and ability for executing his expressed intention of killing his victim. He actually placed the loaded revolver against her person. Under the evidence, his intention in performing these acts, in making the assault, and in declaring his purpose, was for the consideration and determination of the jury. It is idle to contend that a loaded revolver in the hands of one threatening death to his victim is not a deadly weapon. The jury were justified in finding that it was a deadly weapon. Rem. & Bal. Code, § 2749, under which appellant was tried, provides that an assault with a deadly weapon, with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, shall subject the offender to punishment therein prescribed. Rem. & Bal. Code, § 2746, thus defines an assault:

"An assault is an *attempt* in a rude, insolent, and angry manner unlawfully to touch, strike, beat, or wound another person, coupled with a present ability to carry such attempt into execution. . . ."

The evidence in this case shows an assault by appellant, who was armed with a deadly weapon, and is sufficient to sustain the jury in its finding that such assault was made with a deadly weapon, with an intention to inflict bodily injury upon Mrs. Hays, and that no provocation whatever appeared therefor.

Our view of the sufficiency of the evidence disposes of the other assignments of error, which are predicated on exceptions to instructions given, and requested instructions re-

fused.   We have carefully examined the instructions and find them free from error.

The appellant has been awarded a fair trial.   The judgment is affirmed.

DUNBAR, C. J., MORRIS, and CHADWICK, JJ., concur.