IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31937-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE AGUILAR GOMEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jose Aquilar Gomez appeals his convictions for third degree assault

and making a false statement to an officer, contending that the court erred in denying his

request for a lesser included offense and that the evidence was insufficient to support the

false statement charge. We affirm.

FACTS

Trooper Christopher Kottong stopped Mr. Aguilar Gomez for speeding and crossing

the center line. When asked to produce his driver's license, Mr. Aguilar Gomez presented

his brother's driver's license that also contained the phrase "not valid for identification."

Further investigation led the trooper to arrest Mr. Aguilar Gomez for DUI. Great difficulties

ensued.

The trooper dropped his handcuffs when Mr. Aguilar Gomez jerked his hand away.

The trooper pulled out his taser only to see that it was not charged. Mr. Aguilar Gomez

fled and the trooper had to pursue and tackle him. That action led to the trooper's radio

frequency being switched; he was unable to call for assistance. A lengthy struggle ensued in which Mr. Aguilar Gomez squeezed the trooper's genitals, causing the trooper to scream loudly. A passing motorist assisted the trooper by retrieving the handcuffs and helping put them on Mr. Aguilar Gomez.

Charges of third degree assault, DUI, and making a false statement were filed. The matter proceeded to jury trial in the Grant County Superior Court. The defendant did not testify. The court instructed the jury on self-defense, but declined a defense request to instruct the jury on the lesser offense of fourth degree assault.

The jury convicted Mr. Aguilar Gomez on the assault and false statement charges while acquitting him on the DUI count. After receiving a standard range sentence for the third degree assault, Mr. Aguilar Gomez timely appealed to this court.

## ANALYSIS

Mr. Aguilar Gomez challenges the court's failure to instruct on the lesser offense of fourth degree assault and contests the sufficiency of the evidence on the false statement charge. We address the two challenges in that order.

*Lesser Included Offense*

The first issue we consider is Mr. Aguilar Gomez's claim that the trial court erred by failing to instruct the jury on the inferior degree offense of fourth degree assault. Because there was no factual basis for believing that only fourth degree assault occurred, the trial court correctly rejected the instruction.

2

By statute, either party in a criminal case is entitled to an instruction on an inferior degree offense in appropriate circumstances. RCW 10.61.003.[1] These statutes are among the oldest surviving in the Revised Code of Washington, having their genesis in the LAWS OF 1854, § 123. In order to instruct on an inferior degree offense, there must be a factual basis for believing that only the inferior crime was committed. *State v. Fernandez-Medina*, 141 Wn.2d 448, 455, 6 P.3d 1150 (2000). This factual prong is not established merely by the fact that the jury might disregard some of the evidence in the case. "Instead, some evidence must be presented which affirmatively establishes the defendant's theory on the lesser included offense before an instruction will be given." *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990).

Here, the prosecutor charged third degree assault under RCW 9A.36.031(1)(g). That required proof that the defendant, in Washington, assaulted Christopher Kottong, an officer who was performing his official duties. *Id.*; Clerk's Papers at 237-38. The crime of fourth degree assault is committed when one person assaults another. RCW 9A.36.041.

Mr. Aguilar Gomez argues that he had a statutory right to have the jury instructed on the inferior degree offense, citing to a passage from *State v. Young*, 22 Wash. 273, 276, 60 P. 650 (1900). There the court noted that the inferior offense instruction was proper if there was the "slightest evidence" in support of the inferior charge. *Id.* Mr. Aguilar

---

[1] Statutes also provide that parties are entitled to instructions on included offenses and attempted crimes. RCW 10.61.006; RCW 10.61.010.

Gomez reads too much into that statement. As explained in *Fernandez-Medina* and other modern cases, the evidentiary basis for a lesser offense means evidence that only the lesser offense was committed. Appellant's argument essentially means that whenever there was evidence to support the greater offense, the lesser offense would have to be instructed upon because there would also be evidence to support it.

That is not the law of this state. Here, the statutory difference between the charged offense and the requested offense of fourth degree assault rests in the element that the defendant assaulted a law enforcement officer who was performing his official duties at the time of the assault. There was absolutely no evidence that Trooper Kottong was not an officer acting in his official capacity at the time he tried to arrest Mr. Aguilar Gomez. Indeed, appellant admits as much in his brief on appeal.[2]

There was no factual basis for instructing the jury on the inferior degree offense of fourth degree assault. Accordingly, the trial court correctly declined to give the requested instruction.

*Sufficiency of the Evidence*

Mr. Aguilar Gomez also argues that the evidence did not support the jury's verdict on the false statement charge. Properly viewed, the evidence was sufficient.

---

[2] "There is no dispute Trooper Kottong is a law enforcement officer. There is no dispute he was performing his official duties at the time of the assault." Br. of Appellant at 7.

Appellate courts review sufficiency of the evidence challenges to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.*

The offense of making a false or misleading statement is found in RCW 9A.76.175. That statute provides:

> A person who knowingly makes a false or misleading material statement to a public servant is guilty of a gross misdemeanor. "Material statement" means a written or oral statement reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties.

Mr. Aguilar Gomez asserts that he did not make a "statement" and that even if he did, his statement was not material because it was not reasonably likely to be relied upon due to the "not valid for identification" notice. We address each claim in turn.

By its terms, the statute includes a "written" statement as one means of making a false statement. Mr. Aguilar Gomez asserts that "written" means a statement personally prepared by the defendant. He provides no authority for this position, which likewise was rejected by the trial judge:

> There no requirement that the writing on the statement actually be done by the defendant. The defendant can adopt a statement that's written by someone else. The statute does not require such a rigid interpretation that the writing itself had to be done mechanically or physically by the

5

defendant. He could order someone else to do it or ask someone else to provide the writing, or could adopt it even if he didn't do that.

Report of Proceeding (RP) at 218-19.

Grammatically, the fundamental flaw with this argument is that Mr. Aguilar Gomez treats the word "written" as a verb even though the sentence in which it is found already has its own verb. Instead, the word "written" and the word "oral" are nouns that both are used to modify the word "statement" in the phrase, "a written or oral statement." The crime is defined in terms of knowingly *making* a false statement rather than knowingly *writing* a false statement. The statement can be in either oral or written form, but nothing in the statute suggests any activity other than making a statement can be the basis for criminal liability. He did not have to write the statement in order to make it.

No published case appears to have addressed this argument in the context of RCW 9A.76.175.[3] Our evidence rules expressly define "statement" as "(1) an oral or written assertion or (2) nonverbal conduct of a person if it is intended by the person as an assertion." ER 801(a). These type of statements do not constitute hearsay. ER 801(d)(2). Accordingly, Washington has long admitted adopted statements in criminal cases. *E.g.*, *State v. Anderson*, 44 Wn. App. 644, 723 P.2d 464 (1986) (defendant adopted an admission

---

[3] An earlier published case has applied RCW 9A.76.175 to an instance of orally presenting a false name to an officer. *State v. Ou*, 156 Wn. App. 899, 234 P.3d 1186 (2010). A federal case has concluded that presenting a false invoice prepared by another person constitutes giving a false statement to a government agency. *United States v. Gibson*, 881 F.2d 318 (6th cir. 1989).

when a person asked him whether he had threatened someone, and the defendant nodded his head yes); *State v. Jones*, 14 Wn. App. 876, 545 P.2d 1210 (1976) (various statements made in presence of defendant were held to be adoptive admissions); *State v. McCaughey*, 14 Wn. App. 326, 541 P.2d 998 (1975) (defendant nodded head in apparent agreement with statements of his companion); *State v. Fullen*, 7 Wn. App. 369, 499 P.2d 893 (1972) (defendant expressly stated affirmative agreement with accusatory remark of another). *See generally* 5B KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 801.40, at 397 (5th ed. 2007).

In light of this long history, we conclude that Mr. Aguilar Gomez made a statement when he handed forth a driver's license in response to a request that he do so. This written document was his written statement once he produced it for the trooper. This element of the offense was established.

The statement was material. The officer relied on the information to call in a records check to determine to whom the vehicle was registered. The description in the license handed him did not meet that of the defendant; the vehicle also was not registered to the defendant. RP at 94, 120-21. The trooper relied upon the information and had to investigate the apparent discrepancies. The statement was material.

The evidence did support the jury's determination and, hence, is sufficient to support the conviction.

Affirmed.

7

No. 31937-7-III
*State v. Gomez*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

8