### The People of the State of Illinois, Defendant in Error, v. William Arms, Plaintiff in Error.

1. INFORMATION—*effect of error in printing.* A motion to quash an information upon the ground that the filing of it had an impossible date, will not be granted where the impossible date is claimed to arise from the inverted letter "n" in the word "hundred".

2. INFORMATION—*when form of conclusion will not affect.* It is not required either by statute or by the constitution of the state that an information charging the selling of intoxicating liquor in anti-saloon territory shall conclude either "contrary to the statute" or "contrary to the form of the statute".

3. DRAM-SHOPS—*when record of election competent in action for selling intoxicating liquor in anti-saloon territory.* Held, that the record in question was competent inasmuch as it showed that the election in question was held in the town in question notwithstanding the certification showed that such election was held in a township.

4. INSTRUCTIONS—*when as to right to disregard testimony erroneous.* A jury has no right to disregard the entire testimony of a witness because he has been successfully impeached as to any material part of his testimony. It is only where a witness has wilfully and knowingly sworn falsely to a material fact that his entire testimony may be disregarded except where corroborated.

The People v. Arms, 165 Ill. App. 394.

Prosecution for unlawful sale of intoxicating liquor.  Error to the County Court of Franklin county; the Hon. THOMAS J. LAYMAN, Judge, presiding.  Heard in this court at the March term, 1911. Reversed and remanded.  Opinion filed November 11, 1911.

MOONEYHAM & SEEBER, for plaintiff in error.

G. A. HICKMAN, for defendant in error.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

The state's attorney filed an information of ten counts charging plaintiff in error in the first nine counts with selling intoxicating liquor in anti-saloon territory and in the tenth count with keeping a nuisance.

Plaintiff in error was convicted upon all the counts of the information but the judgment was arrested as to the eighth count.  On the remaining counts there was judgment and sentence.

A motion was made to quash the information on the ground the filing of it had an impossible date. The impossible date is claimed to arise from the inverted letter "n" in the word "hundred." It was an apparent error in printing and the objection had no merit.

It is further urged each count concludes contrary to the statute instead of contrary to the form of the statute.  We are of opinion neither conclusion is necessary.  It is not required by statute, and the constitution only requires prosecutions to be carried on "in the name and by authority of the People of the State of Illinois" and conclude "against the peace and dignity of the same."

Especial objection is made to the tenth count but we see no objection to it.

The People relied upon the testimony of a witness Carl Rainey to prove the offenses charged in the several counts.  The witness testified to purchasing

twelve or fifteen drinks of whiskey from plaintiff in error in his place of business at the place averred in the information and of seeing another person purchase liquor there once.

Objection was made by plaintiff in error to the admission of the record of the result of the election upon the question whether the town of Cave should become anti-saloon territory, for the reason as claimed, the record showed what purported to be an election in a township instead of a town, and there was no such political subdivision as a township. It is true the proposition to become anti-saloon territory can only be submitted to the political subdivisions of towns, precincts, cities and villages, and technically speaking a township is a geographical territory six miles square, and not a political subdivision and not a town, although the terms are sometimes used interchangeably.

The record in this case, however, shows an election in the town of Cave, while the town clerk in writing up the record recites it is a correct statement of the annual township meeting. The record shows the meeting was called to order by the town clerk. Moderator chosen. Supervisors report read, a levy made for the expenses of the town, and signed by the moderator and town clerk. The record then recites there was an annual township election and an election for town officials from supervisor to school trustee and the vote upon the question whether the town should become anti-saloon territory; all certified to by the town clerk. It is apparent from the record this was an annual town meeting in the town of Cave and the record will not be held invalid for the two mistaken recitals that it was a township meeting and a township election. The proof on this question was sufficient.

Complaint is made of the fifth instruction given on behalf of the People. It reads as follows:

"You are instructed that while the law gives the defendant the right to testify in his own behalf still you are not bound to blindly receive his testimony as

true and you should not do so if you believe from all the facts and circumstances in proof in the case that he is mistaken or has testified falsely and in passing upon the credibility of the defendant's testimony you should take into consideration his interest in the result of this suit and if you believe from the evidence in the case that the defendant has been successfully impeached in any material part of his testimony, you have a right to disregard his whole testimony except in so far as the same has been corroborated by other credible evidence and circumstances in proof.''

The instruction was erroneous. The jury have no right to disregard the entire testimony of a witness because he has been successfully impeached as to any material part of his testimony. It is only where the witness has wilfully and knowingly sworn falsely to a material fact that his entire testimony may be disregarded except where corroborated. Pollard v. The People, 69 Ill. 148. As the evidence stood, the giving of this instruction was highly prejudicial to appellant and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*