## The People of the State of Illinois, Defendant in Error, v. Samuel T. Danley, Plaintiff in Error.

1. INDICTMENT—*signature of foreman of grand jury.* An indictment is sufficient though the foreman of the grand jury in affixing his signature used the initials of his Christian name.

2. CRIMINAL LAW—*saving questions for review.* In a prosecution for selling intoxicating liquor in a certain town which is anti-saloon territory, where certificates purporting to be of the town clerk of the town in question are introduced concerning the result of the vote on the anti-saloon question, a general objection to such certificates is not sufficient to raise the question in the appellate court as to whether there is proof that such clerk was elected or had authority to act as clerk.

3. DRAMSHOPS—*anti-saloon territory.* The act of May 16, 1907, section 7, as to anti-saloon territory, does not require a certified copy of the record of the election to be made by the clerk in order to be competent evidence that the territory is anti-saloon territory but provides that the record may be competent evidence or that the certificate of the clerk showing that a majority of the voters voted "yes" shall be *prima facie* evidence that the political subdivision to which the vote was applicable has become anti-saloon territory.

4. DRAMSHOPS—*when no variance.* There is no variance between an indictment charging that sales of intoxicating liquor were made

in the town of Emmet, and the proof, though certain witnesses refer to the place where the sales were made as Emmet township.

PHILBRICK, J., dissenting.

Error to the County Court of McDonough county; the HON. CONRAD G. GUMBART, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

CURRAN & CURRAN and HARTZELL, CAVANAGH & BABCOCK, for plaintiff in error.

T. H. MILLER and WALLACE A. WALKER, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

The plaintiff in error was indicted by the grand jury of McDonough county, charging him with having unlawfully sold intoxicating liquor in the town of Emmet, in said county, while said town was then and there anti-saloon territory.

A hearing was had before the court and a jury, and a verdict returned finding the plaintiff in error guilty on the first ten counts of said indictment, and a judgment was duly entered on said verdict. From that judgment the plaintiff in error sued out this writ of error, thus bringing the record before us for review.

Objection is made to the sufficiency of the indictment herein, because the foreman of the grand jury used the initial letters of his Christian name in place of writing his Christian name out in full.

An examination of the abstract furnished by plaintiff in error discloses the fact that the foreman of the grand jury was summoned by the name of "W. H. Dawson," that he was appointed and sworn in as foreman of the grand jury by the name of "W. H. Dawson," and that he indorsed the indictments herein as a true bill by the name "W. H. Dawson."

The statute (section 17 of chapter 78, entitled "Jurors") provides that an indictment shall be indorsed "A true Bill," and the foreman shall sign his name at the foot of said indorsement.

Joyce on Indictments, at paragraph 446, says: "An indictment is properly certified by the foreman of the grand jury although in affixing his signature he makes use of only the initials of his Christian name."

Under this view of the case, we conclude the indictment was properly returned into court, and the motion to quash was properly overruled.

The other objections as to the finding and returning of the indictment, and as to the jurisdiction of the court, are not well taken.

Upon the trial of the cause the following certificates were offered in evidence, to-wit:

"State of Illinois, ⎫
McDonough County, ⎬ ss.
Town of Emmet. ⎭

I, Ivan G. Welch, Clerk of the Town of Emmet, in said county and state, do hereby certify that at an election held in said town of Emmet on the 7th day of April, A. D. 1908, the question: 'Shall this be anti-saloon territory?' was voted upon in said town of Emmet and that the returns of said election were duly canvassed as the law directs, and said returns so canvassed show that upon said election there was voted 128 votes 'yes' and 100 votes 'no.'

Witness my hand this 18th day of June, A. D. 1912.

IVAN G. WELCH,
*Clerk of the Town of Emmet.*"

"State of Illinois, ⎫
McDonough County, ⎬ ss.
Town of Emmet. ⎭

I, Ivan G. Welch, Clerk of the Town of Emmet, in said county and state, do hereby certify that at an election held in said town of Emmet on the 2nd day of April, A. D. 1912, the question: 'Shall this town

continue to be anti-saloon territory?' was voted upon in said town of Emmet and that the returns of said election were duly canvassed as the law directs, and said returns so canvassed show that upon said election there was voted 187 votes 'Yes' and 50 votes 'No.'

Witness my hand this 18th day of June, A. D. 1912.

IVAN G. WELCH.
*Clerk of the Town of Emmet.*"

To the introduction of each of these certificates, plaintiff in error objected, for the reason there was not sufficient foundation laid, and that said certificates were not in the form required by law to entitle same to be admitted as evidence.

Section 7 of the Act of May 16, 1907, in force July 1, 1907, relating to anti-saloon territory, provides: "The clerk shall record in a well bound book, to be kept in his office by himself and his successors, the result of the vote upon said proposition, and such result may be proved in all courts and in all proceedings by such record, or by the official certificate of the clerk, and in cases where such record or certificate shows that a majority of the legal voters voting upon said proposition voted 'yes' the same shall be *prima facie* evidence that the political subdivision to which such vote was applicable has become anti-saloon territory."

Section 8 of the same act provides that when any territory shall by vote become anti-saloon territory, it shall continue to be such until the legal voters thereof, by vote, discontinue the same.

It is urged in the brief of counsel as an objection to the sufficiency of the certificates of the clerk, that there is no proof in the record that Mr. Welch was elected, or had authority to act in the capacity of clerk of the town of Emmet.

This objection was not urged or assigned in the court below, but the objection there was only a general objection, and this is not sufficient to raise the question

in this court. We do not, therefore, deem it necessary to discuss the proposition.

The further contention is urged upon the court, that the certificates here involved were not sufficient because they do not purport to be certified copies of the records of the said elections, but are mere certificates of facts or conclusions of the clerk.

We do not agree with counsel that certified copies of the records of the returns of the elections in question were required in this case. A careful reading of the section of the statute above quoted, controlling the proof to be made of such an election, will disclose that the statute does not require a certified copy of the record to be made by the clerk in order to be competent evidence, but only provides that the record may be competent evidence, or that a certificate of the clerk of the town showing that a majority of the legal voters voting upon such proposition voted "Yes" and that the same shall be *prima facie* evidence that the political subdivision to which such vote was applicable, has become anti-saloon territory.

The same question was before the Appellate Court for the Fourth District, in the case of *People* v. *Willi,* 147 Ill. App. 207; and the court there held that a certificate identical in character and language was a sufficient compliance with the statute, and *prima facie* evidence of the result of the election.

A fourth objection is made by plaintiff in error, that the evidence of guilt was not sufficient to warrant the jury in returning the verdict herein.

A large number of witnesses were examined and testified to more than thirty different sales by the plaintiff in error, of what they called wine. These sales were made at the home of plaintiff in error in the town of Emmet. A portion of the witnesses frankly said the wine sold was of an intoxicating character, while others thought it would intoxicate if they drank enough of it, while others thought the wine would not intoxicate.

From the whole evidence we conclude the stuff sold was of an intoxicating character and was sold and bought because it would intoxicate, and was clearly a violation of the law; and the number of convictions returned in the verdict was abundantly sustained by the evidence.

The plaintiff in error lived in the town of Emmet, near the town line, and in some of the instances the wine was put into jugs by him and carried across the line by someone representing the purchaser, and delivered in that manner. This was but a subterfuge as in all instances the sale was concluded before the goods were removed from the cellar.

It is contended there is a variance between the indictment and the proof, and that for this reason the judgment should be reversed. The indictment charges that the sales were made in the town of Emmet, and avers that the town of Emmet was, at the time the sales were made, anti-saloon territory. The certificates of the town clerk show that elections to adopt, and continue the town, as anti-saloon territory, were held by the legal voters of the town of Emmet. In speaking of plaintiff in error's residence and place of business, which were the same, the words "Emmet Township" were used by the witnesses, while in truth and in fact the town of Emmett and Emmet township is one and the same place. The political subdivision known as the town of Emmet and Emmet township, are used interchangeably, and have the same meaning. The township is the congressional subdivision, and the town of Emmet is the political subdivision, covering the same territory.

In *People* v. *Arms,* 165 Ill. App. 394, in speaking upon this subject, the court said: "It is true the proposition to become anti-saloon territory can only be submitted to the political subdivisions of towns, precincts, cities and villages, and technically speaking a township is a geographical territory six miles square, and not a

political subdivision and not a town, although the terms are sometimes used interchangeably.''

In *Phillips* v. *Town of Scales Mound,* 195 Ill. 353, in-discussing this question at length, the court made use of the following language: "It was evidently the intention of the Township Organization Act to create townships, whose corporate names should be towns, and that they should sue and be sued in and by such names. We are of the opinion, that the legislature intended to use the words 'town' and 'township' synonymously in referring to the political divisions of the county.''

The fact that the witnesses may have stated the location of where the sales were made as Emmet township is not at variance with the indictment, as it was intended and understood to refer to the same political subdivision of the county.

We do not find any error reversible in character in the action of the court in passing upon the instructions in the case.

We are of the opinion the verdict and judgment are right, and the judgment is affirmed.

*Affirmed.*

MR. JUSTICE PHILBRICK dissenting. I do not agree with the conclusion of the majority of the court on the questions of the sufficiency of the certificate of the town clerk.