[No. 6535.  Decided March 13, 1907.]

THE TOWN OF KIRKLAND, *Appellant*, v. JOHN A. FERRY, *et al., Respondents.*[1]

INTOXICATING LIQUORS—PUBLIC NUISANCE—ABATEMENT—ACTIONS— PLEADING — COMPLAINT — SUFFICIENCY.  A complaint in an action brought by a town to abate a public nuisance states a cause of action, regardless of the validity of an ordinance declaring the same a public nuisance, where it alleges that the defendant maintains a place where intoxicating liquors are kept for sale in violation of law, as Bal. Code, § 3085 provides that such act is a public nuisance; the exception as to sales by druggists being negatived by the allegation that it is in "violation of law," and that subject being, moreover, a matter of defense.

NUISANCE—ABATEMENT—ACTION BY CITY.  A town, being clothed with the attributes of sovereignty, may prosecute its suit in the first instance by a bill in equity to abate a public nuisance.

Appeal from a judgment of the superior court for King county, Griffin, J., entered August 6, 1906, upon sustaining a demurrer to the complaint, dismissing an action to abate and enjoin a public nuisance.  Reversed.

*Judd & Sampson* (*Boyd P. Doty,* of counsel), for appellant.

*Frank S. Griffith,* for respondents.

[1]Reported in 88 Pac. 1123.

DUNBAR, J.—This action was decided on demurrer to the complaint, the demurrer having been sustained by the court; and the sufficiency of the complaint is the only question involved. The complaint alleges, that the plaintiff, the town of Kirkland, is a city of the fourth class, located in King county; that defendant Ferry has been, and now is, occupying a certain building in said town, specifically described; that he has been holding the same under the other defendants, Kirkland Land & Improvement Company and Stewart & Holmes Drug Company; that a portion of the premises has been, and is now, maintained by Ferry as a place in which intoxicating liquors are kept and harbored for the evident purpose of selling and giving away said liquors contrary to law, and where persons are permitted to resort for the purpose of drinking intoxicating liquors, and where intoxicating liquors are kept for the purpose of inducing people to resort to buy and receive intoxicating liquors in violation of law; that the other defendants under whom Ferry holds have full knowledge of the facts; that none of the defendants have ever obtained from the plaintiff a license to sell intoxicating liquors. The complaint also set forth an ordinance passed by the town of Kirkland, reciting the facts as to Ferry's use of the premises, and declaring that said building "as now kept and maintained is hereby declared to be a public nuisance;" that the ordinance directs the town attorney to notify the persons under whom Ferry holds to abate the nuisance, and if they fail to do so, to bring suit in the superior court of King county to abate and enjoin the same. The demurrer was sustained on the ground that the court had no jurisdiction of the subject-matter of the action, and that the complaint did not state facts sufficient to constitute a cause of action.

It is assigned that the court erred in sustaining the demurrer to the complaint and in entering judgment dismissing the suit. The validity of the ordinance is questioned by the respondent, and we are inclined to think that the town of

Kirkland had no authority to pass the ordinance in question, and to declare specifically that the building as kept was a public nuisance. But conceding for the purposes of this decision, that the ordinance was invalid, we still think there was enough in the complaint to state a cause of action. It is asserted by the respondent in his brief that all places where spiritous and malt liquors are kept for sale and sold without a license are not public nuisances, and that this judgment must be affirmed unless this court can say that all places in cities or towns where intoxicating liquors are sold without a license are public nuisances *per se*. Because, it is argued, druggists are permitted under the statute and under certain restrictions to sell liquor, and they constitute an exception to the provisions of the law forbidding a sale of liquors without a license, it was necessary for the complaint to have alleged affirmatively that the place was not maintained by Ferry as a druggist. But while it is not conceded that the provision in relation to druggists constitutes an exception to the law, instead of a proviso, the allegation of the complaint is sufficient to except druggists, for the statement is that the place was maintained for the evident purpose of selling and giving away said liquors contrary to law, and for the purpose of inducing people to resort to buy and receive intoxicating liquors in violation of law. If the place had been maintained under the provisions of the law in relation to druggists, there would have been no violation of the law as alleged in the complaint. In addition to this, it was held by this court in *State v. Shelton*, 16 Wash. 590, 48 Pac. 258, 49 Pac. 1064, that in a prosecution for selling intoxicating liquors without a license therefor, the burden was upon the defendant to show that the sale was made under a license, and that the question of license was a question of defense to be pleaded, if it could be so pleaded under the facts. So here, if the house was operated as a drugstore, that was a defense which could have been pleaded. That the allegations of the complaint are sufficient to charge a nuisance

is plain from the provisions of the statute which defines a
public nuisance, among other things, as follows:

"It is a public nuisance,— . . . To suffer or main-
tain on one's own premises, or upon the premises of another,
or to permit to be maintained on one's own premises, any
place where wines, spiritous, fermented, malt or other intoxi-
cating liquors are kept for sale or disposal to the public in
contravention of law." Bal. Code, § 3085 (P. C. § 1870).

It is also strongly maintained by the respondent that the
city had no authority to bring an action for equitable relief.
It was held, in *Moore v. Walla Walla,* 2 Wash. Ter. 184, 2
Pac. 187, where a city brought an action in equity to abate a
nuisance in one of its streets, and a demurrer was interposed
to the complaint on the ground that it could not seek equitable
relief, that the city was clothed with the attributes of sov-
ereignty and might prosecute its suit in the first instance by
a bill in equity, the court in that case saying:

"The first objection urged by the appellants to the pro-
ceedings below is, that the court overruled their demurrer
to the complaint, which they claim should have been allowed,
because the complaint did not show the plaintiff entitled to
equitable relief; but we think that the said city in prosecut-
ing this action was acting for the public at large, and was,
therefore, for the purposes of said suit, clothed with all the
attributes of sovereignty."

The statute makes the maintenance of a house such as is
described in the complaint a public nuisance. The statute
also makes the obstruction of a public highway a public
nuisance, and it was decided by this court in *Yakima County
v. Conrad,* 26 Wash. 155, 66 Pac. 411, that the county of
Yakima had power to enjoin the obstruction of the public
highway. We think, under the whole spirit and theory of
the law, that the city government, which acts for the welfare
of the city, had power to institute this proceeding, and that
there was sufficient in the complaint to give the court juris-
diction to try the case.

The judgment of the lower court will therefore be reversed, and the case remanded with instructions to overrule the demurrer to the complaint.

HADLEY, C. J., ROOT, CROW, FULLERTON, and MOUNT, JJ., concur.