## The People of the State of Illinois, Defendant in Error, v. A. C. Willi et al., Plaintiffs in Error.

1. EVIDENCE—*what competent to prove that certain territory was anti-saloon.* *Held,* that the certificate of the county clerk showing the result of the submission of the question as to whether the particular territory should become anti-saloon was competent to prove the fact that such territory was anti-saloon.

2. EVIDENCE—*how clerk's certificate of result of election questioned.* It is only in a direct contest that the correctness of an election result can be questioned and the certificate of the county clerk showing the result of such election cannot be impeached in a collateral proceeding.

Prosecution for unlawful sale of liquor. Error to the County Court of Perry county; the Hon. THOMAS J. MYERS. Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

B. W. POPE, for plaintiffs in error.

A. R. DRY, H. E. KIMMEL and H. L. SHELDON, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a prosecution by information, filed by the state's attorney of Perry county, in the County Court of that county charging plaintiffs in error with selling intoxicating liquor within the limits of the precinct of DuQuoin while the same was anti-saloon territory. Trial by jury. Verdict finding plaintiffs in error guilty. The court rendered judgment on the verdict and imposed a fine of $20 and costs upon each of them.

At the close of the People's evidence in chief and again at the close of all the evidence, plaintiffs in error moved the court to instruct the jury to find the defendants not guilty, and the court denied the motion. Plaintiffs in error duly excepted and assign this ruling

of the court as error; and say: "The most that can be said of this evidence is that the defendants bottled the drinks spoken of, viz: 'Temperance Brew' and 'Weno,' and had some of these bottles delivered to various places in the city of DuQuoin."

The evidence proves that plaintiffs in error were doing business in the city of DuQuoin; that they received shipments from the Evansville Brewing Company, and the Rudolph Stecker Brewing Company; that such shipments came in barrels or kegs, in large lots; that there were internal revenue stamps on these kegs and barrels; that the names given to the contents of these packages were, "Temperance Brew," and "Weno"; that plaintiffs in error bottled these liquors and delivered them to a number of retail dealers, in the city of DuQuoin; that one of these liquors contained 3 and 91-100 per cent. of alcohol, and the other 4 and 71-100; that these liquors looked like beer, tasted like beer and had the same effect—one bottle stimulated the drinker of it and a little while after he had drunk it, it made him drowsy, and a competent chemist who analyzed it testified: "I should class it as fermented beer." The evidence proves beyond all reasonable doubt that plaintiffs in error were dealing in these liquors, selling and delivering them to customers in the city of DuQuoin, and that the liquors were intoxicating liquors within the meaning of the statute. No intelligent fair minded jury could have found otherwise.

Counsel complains of the ruling of the trial court with respect to the admission and rejection of evidence. While this complaint is made as to a number of rulings, we think only two of them are of material importance.

During the trial the People introduced in evidence, for the purpose of proving that the city of DuQuoin was in anti-saloon territory, the following certificate of the County Clerk of Perry county:

"State of Illinois, Perry county, ss: I, J. G. Taf-

fee, Clerk of the County Court of said county and state, do hereby certify that at an election held in said Perry county, on Tuesday the 5th day of November, A. D. 1907, the question 'shall this territory become anti-saloon territory?' was voted upon in the precinct of DuQuoin, and that the returns of said election were duly canvassed as the law directs, and said returns so canvassed show that upon said election there was voted 932 votes 'Yes' and 899 votes 'No.'

"Witness my hand and the seal of said court, this 12th day of February, A. D. 1908.

J. G. TAFFEE, Clerk."

"County Seal."

To the introduction of this certificate plaintiffs in error objected, "for the reason that it is not the best evidence; that it is not in the form required, and because the book containing the record was present in court and could have been introduced." It was not pointed out in the trial court and is not pointed out here, wherein the certificate is not "in the form required." The statute makes the official certificate of the clerk primary evidence. Section 7 of the Act is as follows: "The clerk shall record in a well-bound book, to be kept in his office by himself and his successors, the result of the vote upon said proposition, and such result may be proved in all courts and in all proceedings by such record or by the official certificate of the clerk, and in cases where such a record or certificate shows that a majority of the legal voters voting upon said proposition voted "Yes" the same shall be *prima facie* evidence that the political subdivision to which such vote was applicable has become anti-saloon territory." We think the court did not err in admitting the certificate in evidence.

Plaintiffs in error "offered to prove by the county clerk that the petition which was filed with him asking for an election in DuQuoin did not contain as many as one-fourth of the names of the legal voters who had voted at the last election in that precinct," and also offered

certain sheets of the petition upon which appear the names of a number of signers who did not put opposite their names the street and house number at which they resided, and the court refused to admit this offered evidence or any part of it.

The clerk's record or certificate of the result of the vote can only be questioned by a contest as provided in Section 19 of the Act. It cannot be collaterally attacked or brought into question in a collateral proceeding. In the case at bar and like cases it is conclusive. We think this position well established by the great weight of authority. The Ohio anti-saloon territory statute preceded ours by a number of years, and ours in purpose and language closely follows theirs, especially in the feature here under consideration. The Ohio courts have had this question under consideration, and in the case of Fike v. State of Ohio, 25 C. C. Rep. 554, among other things says: "It is further urged by counsel for the state that this question cannot be raised in this proceeding; that upon a plea of not guilty under a prosecution for a violation of the law, the defendant cannot be heard upon the question of the validity of the election for the reason that the statute itself provides a method for contesting the validity of the election. * * *

"The universal rule is that an election contest cannot be injected into a criminal prosecution by attacking the validity of such an election as this and we think that has been settled by the Supreme Court of this state. * * *

"The election having been held, the result having been declared, and the people having expressed their choice, the law has become fixed and whoever comes into the municipality thereafter is bound by it. * * *

"The ascertainment and declaration of the result of the election was *prima facie* correct, and it was conclusive, until, in a proper action brought for the purpose, the true result otherwise should be ascertained

by a judicial determination. * * * The law intends that one contest properly instituted for the purpose, shall establish the validity or invalidity of the election questioned.

"We hold that a defendant being prosecuted under this statute, cannot defend upon the ground that is urged in this case; that can only be taken advantage of by a contest of the election according to the provisions of the statute."

As supporting the same view, counsel for defendant in error cite State v. Cooper, 101 N. C. 684; Woodard v. The State, 103 Ga. 496; Commonwealth v. Lilland, 10 Ky. Law 561; State v. Emery, 98 N. C. 768; and People v. Whitney, 105 Mich. 622.

A number of the instructions given on behalf of defendant in error are criticised, and some of the criticisms are well warranted. But there are no errors in any or all of the instruction that did or could have misled the jury. It is apparent to the court that the jury were not misled. Their verdict is the only verdict that could reasonably have been expected of an intelligent, honest jury, and is fully supported by the evidence and the law. In such case errors in instructions will not reverse.

The judgment of the County Court is affirmed.

*Affirmed.*