[No. 9633.   Department One.   December 30, 1911.]

The State of Washington, *Respondent*, v. A. M. Polk, *Appellant*.[1]

Intoxicating Liquors—Offenses—Illegal Sales—Local Option—Election—Evidence—Clerk's Certificate—Admissibility. Under Rem. & Bal. Code, § 6297, providing that the result of a local option election may be proved by the clerk's record of the official canvass or by the "official certificate" of the clerk, the clerk's certificate reciting the final result is sufficient and admissible, without a certified copy of the details of the canvass.

Same—Illegal Sales—Defenses—Instructions. In a prosecution for selling liquor in dry territory in violation of the local option laws, it is not error to refuse to give instructions as to defendant's right to sell liquor as a physician, where there was no evidence of such right or any justification for the sale.

Same—Illegal Sales—Evidence—Sufficiency. The clerk's certificate required by Rem. & Bal. Code, § 6297, is sufficient *prima facie* evidence that local option was in force in the precinct.

Same—Illegal Sales—Evidence of Sales—Sufficiency. The uncontradicted statement of one witness that a sale of liquor was made in a town in dry territory, is sufficient to support a conviction of selling liquor in violation of the local option law, although the exact place or boundaries of the town were not shown.

Appeal from a judgment of the superior court for Okanogan county, Pendergast, J., entered February 24, 1911, upon a trial and conviction of selling liquor in dry territory. Affirmed.

[1]Reported in 119 Pac. 846

*Smith & Gresham,* for appellant.

*Fred T. Neal, A. W. Barry,* and *C. H. Neal,* for respondent.

PARKER, J.—The defendant was charged with the offense of selling intoxicating liquor in Conconully, a town of the fourth class in Okanogan county on January 21, 1911, while that town was a unit in which the sale of intoxicating liquor was prohibited and unlawful by virtue of an election under the local option law. Upon a trial before the court and a jury, at which the defendant offered no evidence in his defense, he was convicted, and adjudged to pay a fine of $100 and costs, from which he has appealed to this court.

For the purpose of proving that the sale of intoxicating liquor was unlawful in the town of Conconully at the time charged, the prosecuting attorney offered in evidence the certificate of the town clerk as follows:

"Certificate of Frank Weeks, Town Clerk.
"State of Washington, County of Okanogan, ss.

"I, Frank Weeks, do hereby certify that I am the duly elected, qualified and acting town clerk in and for the town of Conconully, Okanogan county, Washington, a municipal corporation of the fourth class; that I was acting as such clerk at all times during the year 1910. That during said year of 1910, to wit on the 7th day of June, a special election was duly and regularly held in said town, which is in Okanogan county, Washington, for the purpose of determining whether the sale of intoxicating liquors should be permitted within the corporate limits of said town, and at said special election a majority of the legal votes cast thereat were against said proposition, namely 33 votes were cast for the sale of intoxicating liquor within said precinct and 34 votes were cast against the sale of intoxicating liquor in said precinct. In Witness whereof I have hereunto set my hand and affixed the corporate seal of said corporation at Conconully, Okanogan county, Washington, this 16th day of February, 1911.
"(Corporate Seal.)       F. R. Weeks,
"Clerk of the town of Conconully, Okanogan county, Washington."

The admission of this certificate in evidence by the court, over the objections of counsel for appellant, is claimed to be erroneous.   It is insisted that, in order to be admissible, the certificate of the town clerk must be in the form of a certified copy of the record of the result of the election, as appears upon the town records, and not a mere statement of the clerk as to the election and its result.   This contention, it seems to us, is answered by the language of the local option statute providing the mode in which such facts may be proven in court, as follows:

"The returns of any such election shall be canvassed in the manner provided by law for other city, town or county elections, and after such canvass the city or town clerk or county auditor, as the case may be, shall publicly certify the result of the election, and shall cause notices of such result to be published in some newspaper circulating in the unit in which the election was held, within ten days after said canvass is completed; and shall record in a well-bound book, to be kept in his office by him and his successors, the result tabulated by precincts of said vote; and said result may be proved in all courts and in all proceedings by such record or by the official certificate of such city or town clerk or county auditor."   Rem. & Bal. Code, § 6297.

It seems to us that the legislature used the words "official certificate," advisedly.   Had it been intended to require proof by a certified copy of the record, it would have been very easy to have so stated in the law.   Besides, we may readily find a probable reason for not requiring a certified copy in the fact that, in many of the units for voting upon local option, there are a great many precincts, and the law-makers might well desire to prevent the necessity of producing the original record or a certified copy of the entire record of the tabulated vote by precincts as evidence in every prosecution for a violation of the law.   If it be held that this provision as to proof by certificate of the town clerk means a certified copy of this much of the record, as counsel for appellant insist, then why not require a certified copy of every step in the election

proceeding, including the petition for the election, election notice, proof of its publication, etc. When a person is elected to an office, the certificate of his election generally contains a statement of the facts showing his election with no greater particularity than does this certificate show the holding of and the result of the local option election. We have not had our attention called to any authority holding that the usual certificate of election showing a person elected to a public office is not evidence in court of that fact, at least *prima facie*. We think there is no such authority; but, on the other hand, that the admissibility of such a certificate is an elementary rule of evidence. Under a statute in substance the same as this, it has been held in Illinois that a certificate of this nature is admissible to prove the fact sought to be shown here. *People v. Willi*, 147 Ill. App. 207. We conclude that there was no error in the admission of this certificate in evidence.

Several assignments of error are made upon the giving and refusing to give certain instructions by the trial court. Most of these claimed errors have to do with the general contention made by counsel for appellant that the court prevented the jury from considering any right of defense which appellant may have by reason of being a physician. If the law gave to appellant any right to justify the sale because he was a physician, the answer to the contention is found in the fact that he offered no proof upon that question. As we have already noticed, he offered no proof of justification, nor of any other nature. If he had any right to justify his act on this ground, the burden of proof was upon him to establish facts constituting such a defense. *State v. Shelton*, 16 Wash. 590, 48 Pac. 258, 49 Pac. 1064; *State v. McCormick*, 56 Wash. 469, 105 Pac. 1037; Black, Intoxicating Liquors, § 511; Joyce, Intoxicating Liquors, § 686. We express no opinion, however, as to the circumstances under which he might so justify his act as a physician or otherwise, under the law.

Under the contention that the evidence does not support the verdict, counsel for appellant insist, (a) that the evidence fails to show that the local option law was in force in Conconully, and (b) that the evidence fails to show that the sale took place in Conconully. We have already noticed that the certificate of the town clerk was admissible in evidence, and was at least *prima facie* proof of the unlawfulness of the sale in the town, and there being no other proof on that subject, it was of course sufficient to sustain the conviction so far as that question is concerned. Whether or not the certificate would be conclusive proof of that fact under all circumstances we need not now decide. That the sale took place in the town of Conconully was testified to by one witness, by a general statement to that effect, though the exact place of the sale in the town is not very certain, nor were the corporate limits of the town proven. This being uncontradicted, and no other evidence offered on that question, it was sufficient in that regard to support the verdict.

What has been said by us disposes of most of the assignments of error, including several not specifically noticed by us. Others are without merit and do not call for discussion.

The judgment is affirmed.

Dunbar, C. J., Mount, Fullerton, and Gose, JJ., concur.