[No. 15564.   Department One.   December 1, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v.
JAMES HARDING, *Appellant.*[1]

INTOXICATING LIQUORS (48)—DEFENSES—EXCEPTED CLASS—BURDEN
OF SHOWING STATUS. Under Laws 1917, p. 60, § 17h, making it un-
lawful for any person, except a regularly ordained clergyman, priest
or rabbi, to have possession of intoxicating liquor, the burden of
showing that the accused was a clergyman or rabbi is upon the
defendant as a matter of defense.

CRIMINAL LAW (197)—INDORSEMENT OF NEW WITNESSES—DISCRE-
TION. It cannot be said to be an abuse of discretion to allow new
names to be indorsed on the information seven days before the trial,
where the record fails to show the grounds of the application or
that any continuance was asked.

SAME  (143) — EVIDENCE — DOCUMENTARY  EVIDENCE — CERTIFIED
COPIES. In a criminal prosecution, a certified copy from the office
of the secretary of state of accused's application for an automobile
license is admissible, in view of Rem. Code, §§ 5562-5, 5562-6, requir-
ing an application in triplicate, one to be filed with the secretary
of state.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered March 26, 1919, upon
a trial and conviction of violating the prohibition law.
Affirmed.

*Walter M. Harvey,* for appellant.
*William D. Askren,* for respondent.

PARKER, J.—The defendant, Harding, was adjudged
guilty in the superior court for Pierce county upon an
information filed therein against him charging:

"That the said James Harding, in the county of
Pierce, in the state of Washington, on or about the
first day of February, nineteen hundred and nineteen,
then and there being, unlawfully did have in his pos-
session intoxicating liquor, to-wit: thirty-eight (38)
pints of whiskey, he, the said James Harding, then

[1]Reported in 185 Pac. 579.

and there not being a regularly ordained clergyman, priest or rabbi, . . .''

Our statute defines the offense of which the defendant was convicted as follows:

''. . . it shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor . . .'' Laws of 1917, ch. 19, p. 60, § 17h.

The defendant has appealed to this court.

The principal contention here made in appellant's behalf is that the evidence introduced upon the trial did not support the judgment rendered against him, in that there was not sufficient evidence showing affirmatively that he was not, at the time in question, a ''clergyman, priest or rabbi.'' We shall assume, for present purposes, that such was the condition of the evidence and that it was not sufficient to support the judgment, if the burden of affirmatively showing appellant to be without the protection of this exception of the statute rested upon the state. While the courts of the several states are not in harmony in their holdings as to the necessity of the state proving affirmatively that an accused is not within such an exception, we think the decided weight of authority is to the effect that the burden of showing that one so accused in such cases is without the protection of such an exception does not rest upon the state, but that, if the accused desire to justify upon the ground that he is exempt from the penalty of the statute under such an exception, it becomes a matter of defense, as to which the burden of proof rests upon him. This court in the early case of *State v. Shelton,* 16 Wash. 590, 49 Pac. 1064, held that the burden of proof, in a prosecution of one accused of selling intoxicating liquor without a license in violation of the statute, was upon him to

show that he had a license rendering him immune from prosecution, and not upon the state to prove that he did not have a license; citing Black, Intoxicating Liquors, § 507, and 1 Greenleaf, Evidence, § 79; the court expressing the opinion that such was the weight of authority in this country, though recognizing that the decisions were not harmonious upon the question. We note that the statute under which the defendant in that case was prosecuted contained the exception in the language of the statute defining the offense, and not in a separately stated exception or proviso, the definition of the offense being found in Ballinger's Code, § 7312, as follows: .

"Any person who shall sell or dispose of any spirituous, malt, or other intoxicating liquors without having first obtained a license from the proper authorities shall be deemed guilty of a misdemeanor, . . ."

So that decision seems to be an answer to the contention of counsel for the appellant that the burden of proof in such cases as to such question does not rest upon the accused when the exception which he invokes for his protection is found in the statutory definition of the offense, or, as sometimes said, in the enacting clause, rather than in a separate exception or proviso. We are quite unable to see that the exception here involved is of any different nature, in so far as we are concerned with the question of the burden of proof, than where there is involved the question of burden of proof as to the accused possessing a license rendering him immune from prosecution. It would seem that the rule, which is sometimes called a rule of necessity, in view of the ease with which an accused person could produce proof of the fact which renders him immune—it being within his own knowledge and involving proof of a negative on the part of the state —has even stronger reasons for its support as appli-

cable to the exception here involved. It seems to us, therefore, that the decision in that case is controlling here unless we are to overrule it, which we are not inclined to do. The law as there announced has been since adhered to in the following decisions of this court: *Kirkland v. Ferry*, 45 Wash. 663, 88 Pac. 1123; *State v. McCormick*, 56 Wash. 469, 105 Pac. 1037; *State v. Polk*, 66 Wash. 411, 119 Pac. 846. See, also, 8 R. C. L. 173, and editor's note to *Bell v. State*, 36 L. R. A. (N. S.) 98.

Counsel for appellant call our attention to, and place some reliance upon, our recent decision in *State v. Koerner*, 103 Wash. 516, 175 Pac. 175, especially the concluding language of that decision. A critical reading of that decision will show that the real question there presented was as to whether or not the name of the person to whom the liquor was sold should be set forth in the complaint or information, the holding being that it was not necessary in so far as the complaint in the justice court was concerned, followed by an intimation that the complaint might be amended in that particular, if necessary, upon appeal and a trial *de novo* in the superior court. We think that decision is of no controlling force in our present inquiry, and we conclude that it was not necessary to support the conviction of appellant that the state affirmatively prove that he was not a clergyman, priest or rabbi, but, if he desired to justify upon that ground, it was for him to prove that he was one of that excepted class.

On March 3, 1919, some time after the filing of the information in the superior court, the prosecuting attorney obtained an order from the court permitting him to indorse the names of certain additional witnesses upon the information. This was accordingly

20—108 WASH.

done by the prosecuting attorney. The trial occurred on March 10th, which, it will be noticed, was seven days thereafter. This, it is argued, was error to the prejudice of the appellant. The answer to this contention is found in the fact that there is nothing in the record before us as to the ground upon which the application and order was rested, nor as to whether or not any continuance was asked for in the appellant's behalf because of the indorsement of the names of the additional witnesses upon the information. It is plain, therefore, that we are unable to say that there was any abuse of discretion in making the order. The substance of our holdings touching this question is that in no event is the mere indorsement of additional names upon the information, prior to or even during the trial, of itself reversible error, though it may be grounds for continuance at the instance of the accused, the denial of which, if asked for, may be an abuse of discretion. The following decisions of this court render it plain that there is not here presented to us any reversible error in so far as this contention is concerned: *State v. Bokien,* 14 Wash. 403, 44 Pac. 889; *State v. Holedger,* 15 Wash. 443, 46 Pac. 652; *State v. Lewis,* 31 Wash. 515, 72 Pac. 121; *State v. Van Waters,* 36 Wash. 358, 78 Pac. 897; *State v. Sexton,* 37 Wash. 110, 79 Pac. 634; *State v. Le Pitre,* 54 Wash. 166, 103 Pac. 27; *State v. McCaskey,* 97 Wash. 401, 166 Pac. 1163.

It is contended in appellant's behalf that the trial court erred to his prejudice in permitting the prosecution to introduce in evidence a certified copy, from the office of the secretary of state, of an application for an automobile license, which application was on file in his office, having been transmitted to him from the county auditor of Pierce county. Counsel's contention seems to be that this was not a certified copy

of any original document officially on file in the office
of the secretary of state, counsel seeming to assume
that it was but an uncertified copy of an original ap-
plication on file in the county auditor's office, a copy
of which was transmitted to the secretary of state to
advise him of facts upon which he could issue the
license.   We think counsel mistakes the nature of this
document.     Reference to the motor vehicle statute,
found at pages 388 and 389, Laws of 1915, Rem. Code,
§§ 5562-5, 5562-6, then in force, compels the conclusion
that this application is the original made to the county
auditor by the applicant, which by law he is required
to transmit to the secretary of state, the same being
made in triplicate, one copy to be retained by the
county auditor for the county files and another to be
retained by the applicant, all to be signed and sworn
to before the county auditor, as was done by the ap-
plicant.   It seems quite plain to us that this is nothing
more than a certified copy made by the secretary of
state of an original official document on file in his
office.   No question is argued by counsel for the appel-
lant as to the materiality and admissibility in evidence
of the facts shown upon the face of this application.
We think it is quite plain the admission of the certified
copy in evidence was not error.

There being no error disclosed by the record before
us, the judgment rendered against appellant must be
affirmed.

It is so ordered.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and MAIN,
JJ., concur.