[No. 18347.  Department One.  April 22, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT L. CRESS, *Appellant*.[1]

CRIMINAL LAW (313, 411) — INSTRUCTIONS — NECESSITY FOR RE-QUESTS AND STATEMENT OF FACTS. Error cannot be assigned upon the. failure of the court to give instructions as to excepted classes entitled to have possession of intoxicating liquor, in the absence of a request therefor, especially where the evidence was not brought up.

INTOXICATING LIQUORS (30, 51) — UNLAWFUL POSSESSION — INSTRUC-TIONS — EXCEPTED CLASS — STATUTES. It is incumbent upon the accused charged with unlawful possession of intoxicating liquor, under Rem. Comp. Stat., § 7330, to prove that he comes within the exceptions stated, which are expressly declared to be matters of defense, with the burden upon the accused.

CRIMINAL LAW (362) — NEW TRIAL — AFFIDAVITS — SUFFICIENCY. In the absence of a statement of facts it cannot be said that the trial court abused its discretion in denying a new trial for newly discovered evidence, where the supporting affidavits were largely made on information and belief.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered April 21, 1923, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Barrows & Hanna*, for appellant.

*Sam R. Sumner* and *Frank Lebeck*, for respondent.

PARKER, J.—The defendant, Cress, was, by information filed in the superior court for Chelan county, charged with the offense of bootlegging, in that he "unlawfully and feloniously carried about with him for the purpose of unlawful sale and disposition thereof, intoxicating liquor, to wit: whiskey." Having pled not guilty, his trial was proceeded with; the court ruling during the course of the trial that the evidence did not warrant submitting to the jury the question

[1]Reported in 225 Pac. 51.

of defendant's guilt of the offense of bootlegging, but did warrant the submission to the jury of the question of his guilt of unlawful possession of intoxicating liquor. Upon such submission to the jury, a verdict of guilty of unlawful possession was returned against the defendant, upon which judgment was accordingly rendered, from which he has appealed to this court.

Contention is here made in behalf of defendant that the trial court erred to his prejudice in failing to instruct the jury as to what constituted unlawful possession; that is, failed to instruct the jury, in substance, that unlawful possession, such as is punishable under the statute, is possession by one other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, and that, unless it appeared by the evidence that defendant was not one of such excepted class of persons at the time in question, he could not be found guilty of unlawful possession of intoxicating liquor. The provision of the statute under which defendant was found and adjudged guilty reads:

"It shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol." Rem. Comp. Stat., § 7328 [P. C. § 3179h].

No request was made in defendant's behalf for the giving of any such instruction. Besides, we have no statement of facts here advising us as to whether or not there was any evidence introduced upon the trial tending in the least to support any such defense. We use the word "defense" advisedly, since it was necessary for the defendant to show as a defense that he was one of the excepted class if he hoped to escape conviction upon that ground; this by the express

provision of the amendment of 1919 to our prohibition law, reading as follows:

"In any prosecution for the violation of the provisions of this act, it shall not be necessary for the indictment or information, or complaint, to set forth any negative allegation, nor for the plaintiff to prove that the defendant does not come within any of the exceptions herein contained; but such exceptions shall be considered as a matter of defense, and the burden shall be upon defendant to show that he comes within such exceptions." Laws of 1919, p. 53; Rem. Comp. Stat., § 7330.

This, we think, is a complete answer to this contention. A seemingly equally effectual answer, even apart from the statute, is found in our decision in *State v. Harding,* 108 Wash. 606, 185 Pac. 579. That decision was rendered in December, 1919, after the passage of the 1919 amendment above quoted, but was decided wholly without reference thereto, because the offense involved and the trial of the defendant therefor occurred before that amendment became effective. We conclude that the trial court did not err in its failure to instruct the jury as counsel for defendant insists should have been done.

Contention is made that the trial court erred to the prejudice of defendant in refusing to grant a new trial upon the ground of newly discovered evidence. This motion was supported by an affidavit attached to and mentioned in the motion, and therefore that affidavit can, it may be conceded, be considered properly in the record without being made a part of a statement of facts. The statements made in the affidavit are largely made on information and belief of affiant. Not having any statement of facts before us, we are, in any event, unable to say that the court abused its discretion in denying the motion for a new trial upon

the ground urged. Much may have occurred during the trial counteracting the effect of this affidavit as stating a ground for a new trial. Indeed, looking alone to the statements in the affidavits, it seems to us highly probable that the trial court did not abuse its discretion in denying the motion.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.