[No. 19352. Department Two. January 21, 1926.]

THE CITY OF SPOKANE, *Respondent*, v. HENNING KARLSTEN, *Appellant*.[1]

[1] INTOXICATING LIQUORS (42)—ILLEGAL POSSESSION—INFORMATION —REQUISITES AND SUFFICIENCY. A complaint alleging the violation of a city ordinance prohibiting the possession of intoxicating liquors other than alcohol is insufficient, where it merely alleges possession of intoxicating liquor, the allegation that it was "other than alcohol" not being a mere negative, but an essential element of the offense.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered January 5, 1925, upon a trial and conviction of the unlawful possession of intoxicating liquor. Reversed.

*Carl W. Swanson,* for appellant.

*J. M. Geraghty* and *Arthur L. Hooper,* for respondent.

MITCHELL, J.—The appellant was originally charged in the police court of Spokane with the violation of an ordinance relating to intoxicating liquors. Upon conviction, he appealed to the superior court, was again convicted, and has appealed to this court. The trial in the superior court was had on the complaint made in the police court.

The principal contention on the appeal is that the complaint does not state facts sufficient to constitute a crime. Preliminarily it must be observed that the prosecution is not under the provisions of the state act, and hence the complaint is not affected by the amendment of 1919, ch. 25 [Laws of 1919, p. 53; Rem. Comp. Stat., § 7330], of the prohibition law, relating to the subject-matter of pleading and proof, and which

[1]Reported in 242 Pac. 389.

amendment was referred to in the case of *State v. Cress,*
129 Wash. 292, 225 Pac. 51.

The complaint alleges that the appellant violated
section —— of ordinance No. C. 2388 of the city en-
titled,

" 'An ordinance relating to intoxicating liquors,
prohibiting the importation, receipt, purchase, trans-
portation, manufacture, possession, use, sale and dis-
position thereof . . . passed July 13, 1919,' in
that the said defendant then and there unlawfully did
have intoxicating liquor in his possession."

[1] In presenting the case here, counsel on both
sides depend upon only that provision of the ordinance
which, so far as this case is concerned, prohibits the
possession of "any intoxicating liquors other than
alcohol." Appellant's argument is that the omission
of the words "other than alcohol" is fatal to the com-
plaint. On the contrary, the prosecution claims that,
as alcohol is an intoxicant, the complaint is sufficient.
There can be no doubt that, as it is commonly known,
alcohol is an intoxicating liquor. So is whiskey, or
brandy, or rum, or gin, as those terms are commonly
understood and used. But that does not meet the
question in this case. The city had the power to pro-
hibit the possession of less than all intoxicating liquors
of whatever kind other than alcohol, by enumerating
them. But it chose to include in the prohibition all that
were intoxicating other than alcohol, and, while it must
be conceded that intoxicating liquors have alcoholic
contents, yet the ordinance clearly classifies alcohol as
a distinct article from those it terms intoxicating
liquors, for it says: "Intoxicating liquors other than
alcohol," and a complaint, to charge a crime, must
charge a person with that which is prohibited by the
ordinance—that is, the possession of intoxicating
liquor other than alcohol. If one were so charged, it

would be sufficient, because in the language of the ordinance creating the statutory offense, and under it proof would be admissible of the possession of any intoxicating liquor other than alcohol. Against a school of very strong contenders, some of whom have not yet surrendered, this court, like the great majority of courts, has uniformly held that, in charging one with this kind of statutory crime, it is sufficient to do so in the language of the statute creating the crime, but we have not held, nor can we hold, that anything less is sufficient in the absence of some legislative expression for that purpose.

Nor is this a case wherein the words "other than alcohol" constitute a negative, in the sense that the burden is cast upon the defendant, as in the cases of *State v. Shelton*, 16 Wash. 590, 49 Pac. 1064; *Kirkland v. Ferry*, 45 Wash. 663, 88 Pac. 1123; *State v. Polk*, 66 Wash. 411, 119 Pac. 846; *State v. Harding*, 108 Wash. 606, 185 Pac. 579, and other kindred cases. Those are cases wherein, because of a license or a business, calling or profession, the defendant was by the terms of the law immune or excepted from the operation of the law. That is, those so-called negatives are in the nature of exceptions or provisos, and not within the definition of the crime itself. The distinction is tersely expressed in *State v. Harding, supra.* In that case the appellant had been convicted of violating the state prohibition law for having intoxicating liquor in his possession. On the appeal, he claimed error because the state had not shown that he was not a "regularly ordained clergyman, priest or rabbi actually engaged in administering to a religious congregation." But this court held against him, saying that the exceptions involved were of the same nature as to the burden of proof as that of a license discussed in the case of *State v. Shelton, supra,* for which reason it was said:

"So that decision seems to be an answer to the contention of counsel for the appellant that the burden of proof in such cases as to such question does not rest upon the accused when the exception which he invokes for his protection is found in the statutory definition of the offense, or, as sometimes said, in the enacting clause, rather than in a separate exception or proviso."

So in this case, if the ordinance prohibited the possession of intoxicating liquor other than alcohol, unless one had a license therefor or was a regularly ordained clergyman, etc., the latter would constitute exceptions and be matters of defense, because not an essential element of, nor included within, the definition of the crime; but not so as to the terms "intoxicating liquor other than alcohol," all of which are included "within the statutory definition of the offense, or, as is sometimes said, in the enacting clause," and must be alleged, when the language of the statute is used in charging the crime. This distinction and necessity for observing it are clearly illustrated in the present case, where the prosecution argues that, because alcohol is an intoxicating liquor, proof of the possession of it establishes a violation of the ordinance; but, as we have seen, the ordinance does not read that way.

In the present case, the complaint not charging a crime in the language of the ordinance, the demurrer to it and the motion in arrest of judgment should have prevailed.

Reversed with directions to dismiss the action and discharge the appellant.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.