[No. 20132.   Department Two.   December 21, 1926.]

THE STATE OF WASHINGTON, *Respondent,* v. CARL
PROUSE, *Appellant.*[1]

[1] CRIMINAL LAW (197)—TRIAL—INDORSEMENT OF WITNESSES—DIS-
CRETION OF COURT. It is not abuse of discretion to allow indorse-
ment of new names on the information on the day before the
trial where the witnesses testified to matters wholly within the
knowledge of the accused and no continuance was asked.

[2] SAME (252)—QUESTION FOR JURY—SUFFICIENCY OF EVIDENCE.
Cross examination tending somewhat to impeach the prosecuting
witness does not warrant taking the case from the jury.

Appeal from a judgment of the superior court for
Cowlitz county, Kirby, J., entered December 1, 1925,
upon a trial and conviction of rape.   Affirmed.

*E. H. Kohlhase,* for appellant.

*Hite Imus* and *Roswell J. Quinn,* for respondent.

ASKREN, J.—Appellant was convicted of the crime of
carnal knowledge of a female child of the age of
fourteen years, and upon appeal urges four assign-
ments of error.

It is first urged that the court erred in denying ap-
pellant's motion for continuance of the trial, when per-
mission was given the state to endorse the names of
additional witnesses on the morning of the trial.

[1]   The record shows that, at the beginning of the
trial, the state asked permission to endorse the names
of three witnesses, having notified counsel for the de-
fense the day previous.   The court permitted the en-
dorsement, and the defense moved for a continuance.
No statement was made to the court at the time as to
any circumstances justifying or showing the necessity
for a continuance.   During the trial, the state did not
call one of the three witnesses, but the defense did.   Of

[1]Reported in 251 Pac. 582.

the two called by the state, one was a deputy sheriff, who testified to the making of the arrest, and the other testified to a short conversation with appellant. The things testified to by these witnesses were things wholly within the knowledge of appellant, and were not matters which would ordinarily constitute surprise. No showing was made at any time, during the progress of the case or upon motion for a new trial, that a continuance would have been of any avail, or that the evidence offered by appellant would have been in any respect different had a continuance been granted, or that any right was affected by the endorsement of the names of the witnesses. We have held in a long line of decisions that the endorsement of names of witnesses, even after trial begins, is within the discretion of the court, and that we will not hold error thereon, unless it appears that the court's discretion has been abused to the prejudice or disadvantage of a defendant. *State v. LePitre,* 54 Wash. 166, 103 Pac. 27; *State v. Harding,* 108 Wash. 606, 185 Pac. 579; *State v. Anderson,* 132 Wash. 130, 231 Pac. 456.

The next two assignments of error are based upon the refusal of the court to grant a directed verdict at the close of the state's case, and again at the close of all the evidence.

[2] It is unnecessary to detail the evidence. There was sufficient evidence on all of the material facts necessary to support a conviction in a case of this character. Appellant's chief contention in this connection seems to be that the cross-examination of the prosecutrix concerning statements alleged to have been made by her at other times, taken in conjunction with the evidence offered by appellant is such as to impeach her testimony. It is true that a witness for appellant testified to conversations with the prosecutrix to some extent at variance with her original testimony, but

these were denied by her, and the truth or falsity thereof was a question for the jury, and it is only by invading the province of the jury that we can say there was any impeachment.

Lastly, it is urged that the court should have granted appellant's motion for a new trial. This point is not argued in the brief, and there is nothing in the record to indicate upon what ground it is based, unless it be that the endorsement of the names of the witnesses was prejudicial error, which point has previously been disposed of in this opinion.

We find no reversible error in the record, and the judgment of the trial court is affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, and BRIDGES, JJ., concur.