[No. 22067. Department Two. May 28, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. HARVEY HOWARD, *Appellant*.[1]

[1]Reported in 288 Pac. 236.

*O. H. Horton,* for appellant.

*W. L. LaFollette, Jr.,* and *S. R. Clegg,* for respondent.

FRENCH, J.—By an information filed by the prosecuting attorney of Whitman county, the defendant was charged in count I with the crime of being a jointist. By count II the defendant was charged with having intoxicating liquor in his possession with intent to sell. Certain other allegations were contained in the information, concerning previous convictions for violations of the liquor law, which it is not now necessary to notice. The cause was tried to the court with a jury and the following verdict returned:

"Count I.

"We, the jury in the above entitled cause, do find the defendant not guilty of the crime of being a jointist, as charged in count I of the information in said cause.

"Count II.

"We, the jury in the above entitled cause, do find the defendant guilty of the crime of willfully having intoxicating liquor in his possession, under count II of the information in said cause."

Thereafter defendant moved in arrest of judgment, which motion was as follows:

"Comes now the above named defendant by his attorney, O. H. Horton, and moves the court that judgment be arrested on the verdict of the jury, finding the defendant guilty of having intoxicating liquor in his possession, and objects to a judgment of guilty being entered thereon, for the following reason, to wit:

"That count II of the information does not state facts sufficient to constitute the crime of having intoxicating liquor in possession."

The trial court overruled the motion in arrest of judgment, the defendant was sentenced and this appeal follows.

Count II of the information reads as follows:

"And the said deputy prosecuting attorney, as aforesaid, further charges the said defendant, Harvey Howard, with the crime of having and keeping intoxicating liquor with intent to sell the same, committed as follows:

"That the said defendant, Harvey Howard, in Whitman county, state of Washington, on or about the 20th day of March, 1929, then and there being, did then and there, willfully and unlawfully keep and have in his possession intoxicating liquor with intent then and there to unlawfully sell, barter and exchange the same, contrary to the statute in such cases made and provided and against the peace and dignity of the state of Washington; . . ."

It is contended by the prosecutor on behalf of the state that the motion in arrest of judgment was not timely made. The trial court overruled the state's motion to strike from the record, and passed upon the merits of the motion in arrest of judgment. The record showing, as it does, that the trial court considered the motion, and refused to strike it from the record, and there being no appeal by the state from such ruling, this court will not now review the action of the trial court in that particular.

On the merits, the sole question presented is whether or not count II of the information above quoted states facts sufficient to charge the defendant with the crime of having intoxicating liquor in his possession. The law is so well settled as to require no citation of authority that, where a defendant is charged with a crime, he may be convicted of a lesser offense necessarily included therein. But the rule also is qualified as follows: Where one is indicted for a

higher offense, he may be convicted of an included offense only where the allegations of the information are sufficient to charge the lower. 1 Bishop on Criminal Law (9th ed.), § 794, and cases cited; *Jones v. State,* 100 Ark. 195, 139 S. W. 1126; *State v. Miller,* 124 Iowa 429, 100 N. W. 334; *House v. State,* 186 Ind. 593, 117 N. E. 647.

"While it is not necessary to make a specific charge of all the offenses included in the charge for which the indictment is drawn, a conviction cannot be had of a crime as included in the offense specifically charged unless the indictment in describing the major offense contains all the essential averments of the less, or the greater offense necessarily includes all the essential ingredients of the less, . . ." 31 C. J., p. 856, § 485.

This rule is followed in our own court: *State v. Ackles,* 8 Wash. 462, 36 Pac. 597, which case has been cited with approval in *State v. Young,* 22 Wash. 273, 60 Pac. 650, and *State v. Romano,* 41 Wash. 241, 83 Pac. 1.

■ Count II of the information in this case, as quoted above, is drawn under chapter 98, Laws of 1927, p. 82, which reads:

"Section 4. It shall be unlawful for any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or keep any intoxicating liquor with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided." Rem. 1927 Sup., § 7309.

We have uniformly held that an information in the language of the statute is sufficient if the statute defines the crime, and in *State v. Powers,* 149 Wash. 509, 271 Pac. 584, 274 Pac. 192, we held that an information practically identical with this information sufficiently charged the crime of possession with in-

tent to sell. This defendant, however, was not convicted of the violation of the statute above set out, he was convicted only of "having liquor in his possession." The having of liquor in his possession is not made a crime by chapter 98, Laws of 1927, p. 82, above quoted. The law relative to the unlawful possession of intoxicating liquor reads as follows:

"It shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol." Rem. Comp. Stat., § 7328.

We know of no other law in the state of Washington making the possession of intoxicating liquor illegal, and this section of the statute specifically permits the possession of one kind of intoxicating liquor, to wit, alcohol. Or, it is probably better to state that this section of the statute does not prohibit the possession of one kind of intoxicating liquor, to.wit, alcohol. We think that, under the 1927 law above quoted, undoubtedly the possession of alcohol with intent to sell or unlawfully dispose of the same is a crime, but, to charge the crime of "possession of intoxicating liquor," the information, when charging in the words of the statute, must contain the words "other than alcohol." This matter was fully considered by this court in the case of *Spokane v. Karlsten,* 137 Wash. 414, 242 Pac. 389, where we said:

"In presenting the case here, counsel on both sides depend upon only that provision of the ordinance which, so far as this case is concerned, prohibits the possession of 'any intoxicating liquor other than alcohol.'. Appellant's argument is that the omission of the words 'other than alcohol' is fatal to the complaint. On the contrary, the prosecution claims that, as alcohol is an intoxicant, the complaint is sufficient. There can be no doubt that, as it is commonly known, alcohol is

an intoxicating liquor. So is whiskey, or brandy, or rum, or gin, as those terms are commonly understood and used. But that does not meet the question in this case. The city had the power to prohibit the possession of less than all intoxicating liquors of whatever kind other than alcohol, by enumerating them. But it chose to include in the prohibition all that were intoxicating other than alcohol, and, while it must be conceded that intoxicating liquors have alcoholic contents, yet the ordinance clearly classifies alcohol as a distinct article from those it terms intoxicating liquors, for it says: 'Intoxicating liquors other than alcohol,' and a complaint, to charge a crime must charge a person with that which is prohibited by the ordinance—that is, the possession of intoxicating liquor other than alcohol. If one were so charged, it would be sufficient, because in the language of the ordinance creating the statutory offense, and under it proof would be admissible of the possession of any intoxicating liquor other than alcohol. Against a school of very strong contenders, some of whom have not yet surrendered, this court, like the great majority of courts, has uniformly held that, in charging one with this kind of a statutory crime, it is sufficient to do so in the language of the statute creating the crime, but we have not held, nor can we hold, that anything less is sufficient in the absence of some legislative expression for that purpose.

"Nor is this a case wherein the words 'other than alcohol' constitute a negative, in the sense that the burden is cast upon the defendant, as in the cases of *State v. Shelton,* 16 Wash. 590, 49 Pac. 1064; *Kirkland v. Ferry,* 45 Wash. 663, 88 Pac. 1123; *State v. Polk,* 66 Wash. 411, 119 Pac. 846; *State v. Harding,* 108 Wash. 606, 185 Pac. 579, and other kindred cases."

This information failed in the charging part to include the crime of which appellant was found guilty. The motion in arrest of judgment should, therefore, have been granted.

Reversed.

MITCHELL, C. J., MAIN, and FULLERTON, JJ., concur.