[No. 27051.   Department Two.   July 25, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. JIM YOUNG, *Appellant.*[1]

*Edward M. Connelly,* for appellant.

*Ralph E. Foley* and *Leslie M. Carroll,* for respondent.

*The Attorney General* and *George Downer, Assistant, amici curiae.*

BLAKE, J.—The defendant was charged in four separate informations with the crime of selling whiskey

[1]Reported in 81 P. (2d) 799.

by the drink, in violation of Rem. Rev. Stat. (Sup.), § 7306-92, subd. 2 [P. C. § 3180-102] (Laws of 1933, Ex. Ses., chapter 62, § 92, subd. 2, p. 220). The cases were tried together, and the defendant was found guilty on each charge. From judgments and sentences entered on the verdicts, he appeals.

The section of the statute above cited provides:

"Every person who shall sell by the drink or bottle, any liquor other than beer and wines as defined in this act, shall be guilty of a gross misdemeanor."

Appellant offered no evidence. His assignments of error challenge the sufficiency of the informations and the state's evidence, in that there is no allegation or proof that he did not have a license to sell intoxicating liquor other than beer and wine. He points to provisions contained in chapter 62, which he conceives to be exceptions or limitations upon the prohibitory language of § 92, subd. 2, such as the right of physicians (§ 21, p. 183; Rem. Rev. Stat. (Sup.), § 7306-21 [P. C. § 3180-31]) and institutions (§ 22, p. 184; Rem. Rev. Stat. (Sup.), § 7306-22 [P. C. § 3180-32]), to prescribe or administer spiritous liquor to patients. He particularly stresses certain regulations (Nos. 112 to 118, inclusive) promulgated by the Washington state liquor control board, which, he contends, authorize the sale of intoxicating liquor, other than beer and wine, by the drink. The argument is that, under Laws of 1933, Ex. Ses., chapter 62, § 79, p. 211 (Rem. Rev. Stat. (Sup.), § 7306-79 [P. C. § 3180-89]), these regulations must be accorded the same force and effect as though contained in the act itself.

The regulations were not introduced in evidence, and are not a part of the record. But for the purposes of the decision of these cases, we deem that immaterial. Whether or not the court should take judicial notice of such regulations, whether or not they

authorize the sale of intoxicating liquor, other than beer and wine, by the drink, and whether or not they are valid, we do not decide. Assuming that the regulations and the other sections of the act pointed out by appellant do constitute exceptions and limitations on § 92, subd. 2 (Rem. Rev. Stat. (Sup.), § 7306-92, subd. 2), they do not lend validity to appellant's assignments of error on this record.

For, in a long line of decisions, this court has held that one charged with the violation of a statute regulating or prohibiting the sale or possession of intoxicating liquor, has the burden of proving that he comes within a class excepted from the operation of the statute. *State v. Shelton,* 16 Wash. 590, 48 Pac. 258, 49 Pac. 1064; *Kirkland v. Ferry,* 45 Wash. 663, 88 Pac. 1123; *State v. McCormick,* 56 Wash. 469, 105 Pac. 1037; *State v. Polk,* 66 Wash. 411, 119 Pac. 846; *State v. Harding,* 108 Wash. 606, 185 Pac. 579; *State v. Cress,* 129 Wash. 292, 225 Pac. 51.

Furthermore, the act itself (§ 58, p. 200; Rem. Rev. Stat. (Sup.), § 7306-58 [P. C. § 3180-68]) provides:

"The description of any offense under this act, in the words of this act, or in any words of like effect, shall be sufficient in law; and any exception, exemption, provision, excuse, or qualification, whether it occurs by way of proviso or in the description of the offense in this act, may be proved by the defendant, but need not be specified or negatived in the information; but if it is so specified or negatived, no proof in relation to the matter so specified or negatived shall be required on the part of the informant or complainant."

Similar provisions of statutes have been held valid and effective by this court. *State v. Cress, supra.* See, also, *State v. Helmer,* 166 Wash. 602, 8 P. (2d) 412.

The evidence being sufficient to sustain the convictions as violations of Laws of 1933, Ex. Ses., chapter

62, § 92, subd. 2 (Rem. Rev. Stat. (Sup.), § 7306-92, subd. 2), and the appellant having failed to bring himself within any class that may be excepted from its operation, the judgments are affirmed.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.