[No. 1101-1.    Division One—Panel 1.    September 25, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD CLAXTON, *Appellant*.

*Marilyn Sloan* and *Robert T. Czeisler*, for appellant (appointed counsel for appeal).

*Jane A. Mason, Prosecuting Attorney*, and *David E. Rhea, Jr.*, for respondent.

FARRIS, A.C.J.—Mr. Claxton appeals from a conviction of the crime of flag desecration. The facts are not in dispute.

The appeal questions whether his acts were a violation of RCW 9.86.030. That statute provides:

No person shall knowingly cast contempt upon any flag, standard, color, ensign or shield, as defined in RCW 9.86.010, by publicly mutilating, defacing, defiling, burning, or trampling upon said flag, standard, color, ensign or shield.

The record establishes that Mr. Claxton, while sitting in an automobile which was parked on a public street, wore a pair of dungarees which had a tear in the area of the left knee. A small American flag had been sewn to the underside of the tear so that a substantial portion of the flag showed through. Mr. Claxton had purchased the flag for the alleged purpose of patching his pants in a "decorative fashion" and had sewn it in place himself.

The flag was made of cloth and identical except for size to the standard American flag. Its size (3 by 5 inches) presents no question. RCW 9.86.010 specifies that any flag "evidently purporting to be [a] flag, . . . of the United States . . ." of any size is included within the flag desecration statute:

The words flag, standard, color, ensign or shield, as used in this chapter, shall include any flag, standard, color, ensign or shield, or copy, picture or representation thereof, made of any substance or represented or produced thereon, and of any size, evidently purporting to be such flag, standard, color, ensign or shield of the United States or of this state, or a copy, picture or representation thereof.

■ The purpose of RCW 9.86.030 and flag desecration statutes in general is to prevent breaches of the peace which might result from a public act of desecration. *State v. Turner*, 78 Wn.2d 276, 474 P.2d 91 (1970). *See also* A. Rosenblatt, *Flag Desecration Statutes: History & Analysis*, 2 Wash. U.L.Q. 193 (1972). The statute requires that the act of mutilating, defacing, defiling, burning or trampling upon the flag (by which one knowingly casts contempt upon the flag) be done in public. There is no evidence, either direct or circumstantial, from which it could be in-

ferred that Mr. Claxton publicly mutilated, defaced, defiled, burned or trampled upon the flag.

It is possible that the state might be able to show that Mr. Claxton's conduct was a violation of some statute other than RCW 9.86.030, but the charge does not permit us to consider that issue. It is a fundamental rule that one accused of a crime can be found guilty only of the crime charged. He cannot be charged with one crime and convicted of another unless the crime of which he is convicted is a lesser included offense of the crime charged. *State v. Howard*, 157 Wash. 183, 288 P. 236 (1930) and *State v. Bussi*, 121 Wash. 314, 209 P. 523 (1922). There is no lesser included offense within the crime of flag desecration.

Reversed.

HOROWITZ, C.J., and CALLOW, J., concur.