[No. 21001.   *En Banc.*   June 15, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. W. O.
BOOHER, *Appellant*, GERTRUDE DALTON,
*Defendant.*[1]

[1] INTOXICATING LIQUORS (29) — BOOTLEGGING — EXTRA-TERRITORIAL
FORCE OF ACT. The offense of bootlegging, defined by Rem.
Comp. Stat., § 7328, as the carrying about of intoxicating liquor
for the purpose of unlawful sale, is complete when liquor is
carried about in this state with intent to sell it in another
state; in view of Id., § 2254, making liable to punishment
persons who commit in this state any crime "in whole or in
part"; and in view of the concurrent Volstead act in force in
all the states.

Appeal from a judgment of the superior court for
Whitman county, McCroskey, J., entered June 28, 1927,
upon a trial and conviction of bootlegging. Affirmed.

*Hanna, Miller & Hanna,* for appellant.

*W. L. LaFollette, Jr.,* and *S. R. Clegg,* for respond-
ent.

*Chas. W. Greenough, Del Cary Smith, Jr.,* and
*Ewing D. Colvin, amici curiae.*

HOLCOMB, J.—Appellant and another, a woman, were
charged by information in the superior court of Whit-
man county of having, on May 5, 1927, wilfully, unlaw-
fully and feloniously carried about with them intoxi-
cating liquor for the purpose of unlawful sale thereof.

Appellant alone was convicted at the trial of the
felony.

There was testimony on the part of the state to the
effect that appellant and his codefendant, on the morn-
ing of May 5, 1927, left Spokane in a closed car, be-
longing to the husband of the woman, with forty gal-

[1]Reported in 268 Pac. 167.

lon jugs of liquor; that they started south on the Inland Empire Highway, reached Spangle in Spokane county, when the car broke down and appellant phoned to Spokane for a garage man to bring out his own car. When appellant's car arrived, the liquor was transferred to it and the parties then proceeded south on the Inland Empire Highway, and when about a mile and a half west of Colfax, on the road between Colfax and Walla Walla, Washington, called the Central Ferry Road, were arrested by deputy sheriffs of Whitman county.

Upon discovering the forty gallons of liquor, one of the officers testified that appellant said the liquor belonged to him and his codefendant had no interest in it; that appellant said something about taking the liquor to Pomeroy, Washington. Another of the officers testified that appellant said nothing to him about where he intended to take the liquor. The justice of the peace, before whom they were taken for an examination, testified that, upon being questioned by the prosecuting attorney, it was his recollection that the appellant stated they were taking the liquor down toward Walla Walla or Pendleton, where they intended to sell it.

Appellant himself testified that he had obtained the liquor in Spokane, where he had lived for fifteen or twenty years, and that his father, sister, daughter and several other relatives lived near Athena, Oregon; that his daughter lived with his sister at Adams, Oregon; that he was going to visit his relatives at Adams and then Pendleton, and intended taking the liquor to Pendleton and sell it; that he did not know anyone in Whitman county or in the state of Washington, from which testimony he doubtless desired it to be inferred he would be unable to sell any of the liquor within the state of Washington. The testimony of appellant was

corroborated to some extent by other witnesses to whom he had talked about his intended trip and its destination.

Both defendants requested the court to instruct the jury that, if they found from the evidence the liquor was not to be disposed of in the state of Washington, they would find them not guilty of being bootleggers. The request was refused by the court.

After conviction of the felony, appellant moved for a new trial and for arrest of judgment which motions were overruled by the trial court. This appeal results.

Appellant's assignments numbered I and II, respecting the overruling of appellant's objections to questions propounded to him in cross-examination as to the person from whom he purchased the liquor, and in overruling appellant's objections to questions propounded to witness Dickinson, a deputy sheriff, upon rebuttal, upon examination we find to be unfounded and, at least, unprejudicial.

Assignments III, IV, V, VI and VII involve the court's refusal to instruct the jury that, if they found from the evidence the forty gallons of liquor were not to be sold in Washington, then they must acquit both defendants of bootlegging.

[1] It is asserted that appellant was willing to submit his guilt or innocence to the jury, but the court, by denying him his requested instructions, refused him that right. It is insisted that, even though appellant may have been carrying about liquor with him, if his intent to sell it in Oregon was true, he had committed no crime within the state of Washington, because the crime would not be complete until he had committed an overt act by selling or attempting to sell some of it within this state where the jurisdiction would be obtained and the act unlawful.

We have not had this exact question before us. The nearest we have had was in *State v. Meyers,* 121 Wash. 579, 210 Pac. 4, where there was a request for an instruction that the carrying about of liquor for the purpose of unlawful sale must be in Skagit county where the liquor, unlawfully possessed, was found and the prosecution maintained. In that case the court gave the instruction in the form requested, except that it substituted "the State of Washington" for "Skagit county." We held that the modification was proper so as to include the entire state. We also said:

"The gist of the offense is the carrying about for the purpose of unlawful sale, and ordinarily the sale will be made when and where suitable opportunity is offered. There is nothing in the statute which indicates that the legislature intended that the state must prove the manner in which it is intended to make the sale. The intent to sell to anyone, at any time, anywhere within the state, is as favorable to appellants as they can ask, and since the state is not complaining, we have not considered the possibility that there should have been no limitation as to place of sale, whatever."

Appellant contends that although this question was not properly before us in the cited case, we intimated by the language that "the intent to sell to anyone, at any time, anywhere within the state, is as favorable to appellant as they can ask . . .," an implication that the intent to sell when proceedings were begun in any county within the state must be within the state.

We certainly reserved the question in that case.

Appellant contends that to hold that one who committed the overt act of carrying with him for the purpose of selling intoxicating liquor, but not within the state, is to give extra-territorial effect to our bone-dry law; that there is nothing in that law anywhere indicating in any way that it should have extra-territorial effect. Texts and authorities are cited to the effect

that, in the absence of an intent expressed or inferred, the presumption is that the legislature does not design a statute to operate beyond the territorial limits of its jurisdiction.

Several statutes are directly involved in this matter.

Section 7306, Rem. Comp. Stat., [P. C. § 3163], declares the prohibition act to be in the exercise of the police power for the protection of the economic welfare, health, peace and morals of the people of the state and that all of its provisions shall be liberally construed for the accomplishment of that purpose. Consequently, this act cannot be given the strict construction that ordinary penal statutes are given. *State v. Hemrich,* 93 Wash. 439, 161 Pac. 79.

Section 7328, Rem. Comp. Stat., [P. C. § 3179h], under which this prosecution was instituted, provides among other things:

"Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger'."

Section 7309, Rem. Comp. Stat., [P. C. § 3166], provides:

"It shall be unlawful for any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or to keep any intoxicating liquor, with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided: . . ."

Section 2254, Rem. Comp. Stat., [P. C. § 8689], among other things, provides:

"The following persons are liable to punishment:

"(1) A person who commits in the state any crime, in whole or in part."

The last quoted section of the statute modifies much of the common law text and the decisions cited by appellant.

Furthermore, the Eighteenth Amendment to the Federal Constitution and the national Volstead act are in effect in Oregon the same as in Washington, because of which we are bound judicially to know that the selling of liquor, with certain exceptions not involved under appellant's admission in this case, is unlawful.

Our prohibitory laws against intoxicating liquors are in aid of, and concurrent with, the Eighteenth Amendment and the Volstead act; and that amendment and the Volstead act are concurrent with, and in aid of, our prohibitory laws. Each aids the other. *State v. Turner,* 115 Wash. 170, 196 Pac. 638; *Rhode Island v. Palmer,* 253 U. S. 350.

The gist of the offense contains two elements: First, possession of intoxicating liquor; second, an intent to sell the same unlawfully. It is apparently argued by appellant that it was the purpose of the law not to consider the intent as an aggravation of the offense of possession, unless the result would be to distribute the liquor in this state with the usual mischiefs incident thereto to our own citizens.

The fact of the possession and carrying about of the liquor in this state, which is presumably unlawful under the statutes quoted, with the pretense that it was to be sold only in another state in which, we also know judicially, it is unlawful to sell, does not take the offense from under our statute. The intent is only an incident. *State v. Burgess,* 111 Wash. 537, 191 Pac. 635.

The gist of the offense is the carrying about for the purpose of unlawful sale, and ordinarily the sale will be made when and where suitable opportunity is offered. *State v. Meyers, supra.*

Manifestly, there is no creation of extra-territorial effect to our statute and no conflict of jurisdiction. The offense is one wholly within our state, denounced

by our statute, and controlled thereby. The requested instruction was properly refused.

The judgment is affirmed.

ASKREN, TOLMAN, MAIN, MITCHELL, PARKER, and BEALS, JJ., concur.