[No. 23579.   Department Two.   August 19, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN C. EBEL, *Appellant*.[1]

*Hanna & Gemmill* and *Wettrick, Wettrick & Flood,* for appellant.

*J. A. Adams* and *Sam M. Driver*, for respondent.

BEALS, J.—John C. Ebel, the defendant herein, was, by the prosecuting attorney for Chelan county, charged by information with the crime of bootlegging. From a judgment of guilty entered upon the verdict of a jury and sentence pursuant thereto, defendant appeals.

[1]Reported in 13 P. (2d) 1091.

It appears that, on the morning of September 4, 1930, the attention of the officers who subsequently arrested appellant was directed to the eccentric course of appellant's automobile in proceeding along the streets of the city of Wenatchee. Upon approaching the car, which was then parked by the curb, appellant was found seated beside the driver, a small bottle of alcohol visible from the outside of the car lying upon the rear seat. Upon searching the car, the arresting officers found two five-gallon cans of pure grain alcohol concealed in the rear of the automobile. Two funnels, a package of corks and a formula for producing gin were also discovered. The information filed against appellant charged him with the crime of bootlegging, committed by unlawfully and feloniously carrying "about with him intoxicating liquor capable of being used as a beverage, to-wit, alcohol, for the purpose of the unlawful sale thereof."

Appellant demurred to the information, his demurrer having been by the trial court overruled, this ruling being assigned as error. Appellant also assigns error upon the overruling of his objection to the introduction of any testimony on behalf of the state; upon the denial of his motion for dismissal of the case or a directed verdict; and upon an instruction given by the trial court which, appellant contends, included an erroneous statement of the law.

It appears that the bottle of alcohol observed by the officers on the back seat of the car had been diluted to a potable state. Appellant contends that the fact that he had in his automobile this bottle of diluted alcohol is not sufficient to sustain the verdict of guilty of the crime of bootlegging, as there was no evidence of any intent on his part to sell this alcohol, and the quantity thereof was too small to warrant a presumption that the liquor was carried about for the purpose of sale.

For the purposes of this appeal, we assume that appellant's conviction must stand, if at all, upon the presence in his automobile of the two five-gallon cans of pure grain alcohol.

In the case of *State v. Knight,* 155 Wash. 260, 284 Pac. 85, this court discussed the elements which make up the crime of bootlegging, and referred to the presumption of law based upon Rem. Comp. Stat., § 7329, which provides that proof of possession of intoxicating liquor other than alcohol shall be prima facie evidence that the liquor was held and kept for the purpose of unlawful sale. In determining the questions here presented, it must be remembered that alcohol is expressly excluded from the section of the statute prohibiting possession of intoxicating liquor. Rem. Comp. Stat., § 7328.

Rem. Comp. Stat., § 7307, defines intoxicating liquor as follows:

"The phrase 'intoxicating liquor,' whenever used in this act, shall be held and construed to include whiskey, brandy, gin, rum, wine, ale, beer and any spirituous, vinous, fermented or malt liquor, and every other liquor or liquid containing intoxicating properties, which is capable of being used as a beverage, whether medicated or not, and all liquids whether proprietary, patented or not, which contain any alcohol, which are capable of being used as a beverage."

Appellant calls attention to the fact that alcohol is not specifically named therein. Appellant also calls attention to the fact that several times in the prohibition act the phrase, "alcohol or intoxicating liquor," is used.

Appellant vigorously contends that the ten gallons of alcohol which the officers found in his car was, in its then form, incapable of being used as a beverage, and cites the opinion of this court in *Tennant v. Whitney*

*& Sons,* 133 Wash. 581, 234 Pac. 666. Appellant also relies upon the rule that, in the prosecution for a violation of a criminal statute, the law must be strictly construed. In this connection, respondent calls attention to Rem. Comp. Stat., § 7306, and the opinion of this court in the case of *State v. Booher,* 148 Wash. 149, 268 Pac. 167, in which this court said:

"Section 7306, Rem. Comp. Stat. (P. C. § 3163), declares the prohibition act to be in the exercise of the police power for the protection of the economic welfare, health, peace and morals of the people of the state and that all of its provisions shall be liberally construed for the accomplishment of that purpose. Consequently, this act cannot be given the strict construction that ordinary penal statutes are given."

By the first paragraph of Rem. Comp. Stat., § 7328, it is made unlawful to possess intoxicating liquor other than alcohol. By the second paragraph of the section, the offenses of jointist and bootlegger are defined, alcohol not being excepted as it is in denouncing the offense of unlawful possession. Study of the applicable sections of the criminal code, in the light of the rule of statutory construction above referred to, convinces us that it must be held that alcohol is an intoxicating liquor, and that, by carrying about alcohol for the purpose of sale, the law against bootlegging is violated.

In determining questions somewhat similar to that here presented, this court has several times considered alcohol as intoxicating liquor. *Spokane v. Karlsten,* 137 Wash. 414, 242 Pac. 389; *State v. Powers,* 149 Wash. 509, 271 Pac. 584, 274 Pac. 192; *State v. Howard,* 157 Wash. 183, 288 Pac. 236. In the case at bar, a witness on behalf of the state testified that he had analyzed the contents of the two five-gallon cans found in appellant's car, and that the liquor contained

therein consisted of approximately ninety-four per cent ethyl alcohol, five per cent water and one per cent impurities. The witness further testified that this alcohol was capable of being used as a beverage in the form in which it was found, or when diluted with water or with water and other ingredients.

The matter of the possible use of intoxicating liquor as a beverage was considered by this court in the case of *State v. Powers, supra.* We are satisfied that, under the statutes with which we are here concerned, the term ''capable of being used as a beverage'' must not be limited to liquor that might be supposed to be reasonably fit to drink, or which some persons might consider palatable.

■ Appellant argues that such possession of intoxicating liquor as constitutes the first of the three elements which we have held necessary to make up the crime of bootlegging *(State v. Knight, supra)* must be an unlawful possession, and that the offense of possession of intoxicating liquor is necessarily an included offense in the crime of bootlegging. We are convinced that this contention of appellant is without merit, and that authorities which appear to support the same are cases in which other questions were presented and determined, the language used being applicable to such questions and not to that presented here.

No error was committed by the trial court in overruling appellant's motion for a directed verdict, or in submitting to the jury the question of appellant's guilt or innocence.

■ The court instructed the jury that alcohol is intoxicating liquor, within the meaning of that term as used in the statute defining the crime of bootlegging. No direct testimony was introduced to the effect that appellant intended to sell the alcohol. Certain testimony was introduced by the state to the effect that

the appellant had said that he did not intend to sell the alcohol, but that he was going to use the same in making gin and sell that product. In the case of *State v. Bogdon,* 140 Wash. 68, 248 Pac. 66, this court quoted the following language from 15 R. C. L. 1132:

"It is a rule of universal application that the courts should take notice of whatever is or ought to be generally known within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind. It is because of this rule that the courts judicially know the intoxicating or non-intoxicating nature of any of the liquors commonly offered for sale, and the nature and character of intoxicating liquors are matters of such general notoriety that courts will take judicial cognizance thereof in questions arising under statutes restricting their use and sale."

The trial court did not err in instructing the jury that alcohol is intoxicating liquor, in connection with the facts of this case. *State v. Bailey,* 67 Wash. 336, 121 Pac. 821; *State v. Intoxicating Liquors & Vessels,* 118 Me. 198, 106 Atl. 711, 4 A. L. R. 1128; Underhill on Criminal Evidence (3rd ed.), § 60, p. 59.

Finding the record before us free from error, the judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.